## STRONG VS. WINSLOW and others.

APPEAL FROM PROBATE COURT. — In order to maintain an appeal to the circuit court from the probate court, in the matter of the estate of a deceased person, the party appealing must show himself interested in the estate, notwithstanding the words of the statute are " when *any* person shall be desirous of appealing from any order," etc., for, upon common and well settled principles, no person can interfere, unless he has or can show some legal interest in the subject matter. *Amory v. Amory*, 26 Wis., 152.

(3 Chand., 21.)

ERROR to the Circuit Court for *Portage* County.

The case showed that letters of administration were granted upon the estate of William H. Johnson, to the defendants in error, by the judge of probate of Portage county, on the 27th day of November, 1848, on the petition of the defendants in error, and they became invested with that office.

On the 19th day of March, 1849, the plaintiff in error perfected an appeal from the appointment aforesaid, to the circuit court for Portage county. At the return of the appeal, the plaintiff in error suggested a diminution of the record in the following particulars:

1. That the papers returned by the judge of probate do not show what evidence there was before him that Johnson was deceased; or that there was any evidence that he died intestate.

2. That the application of appellees, to be appointed administrators, was not returned.

3. That it did not appear by the return, what, or whether any evidence was produced, that appellees were either next of kin, or creditors of the deceased.

4. That the return did not show that the next of kin of Johnson had either refused, or for thirty days after his decease had neglected to take out letters of administration.

5. That it did not appear whether the next of kin of Johnson were ever cited before the probate court to take letters of administration.

6. That it did not appear that any day or place for the holding the probate court had been fixed for making orders and decrees; nor whether any public notice was ever given of any such day or place.

At the term of the circuit court next after the appeal, the appellant prayed that a further return be made by the judge of probate in the particulars above referred to, and gave the court to understand there were the following questions of fact necessary to be determined in deciding the appeal, and to be tried by a jury, to wit:

1st. That William H. Johnson did not die intestate.

2d. That Lewis Johnson was and is next of kin to William H. Johnson, and of full age.

3d. That said Johnson left no wife at the time of his decease.

4th. That Lewis Johnson, next of kin, was never cited to appear before the judge of probate to take letters of administration.

All of which matters were prayed to be inquired of by the country.

The plaintiff in error had the cause continued; and in August following a further hearing was had, when the circuit court ordered and adjudged that the appeal be dismissed, and that appellant pay the costs of his appeal. And he

prosecuted a writ of error, and in this court it was urged :

1st. That the circuit court erred in dismissing the appeal.

2d. That it erred in not making any decision upon the suggestion of the diminution of the record of the probate court.

3d. That the circuit court erred in not directing issues to be made up, on the issues of fact presented by the plaintiff in error.

*Moses M. Strong*, for plaintiff in error, in *propria persona*, insisted, that by the Territorial Statutes, page 297, § 6, any person has the right of appeal from a court of probate, whether he should in himself have any interest in the subject matter of the proceeding or not ; and that the proceedings of the court might be reviewed and reversed, at his instance, unless they be found to have been in conformity to the statute, and argued in support of the errors assigned.

*A. L. Collins*, for defendant in error.

KNOWLTON, J. No reason appears sufficient to authorize the reversal of the judgment of the circuit court. The plaintiff in error, in the court below, did not show or offer to show that he had any interest in the estate, the subject of controversy, or that any wrong had been done, for which he could claim redress in a court of justice. The principle of law is too well settled to require a reference to authority upon the subject, that in order to be heard, the party seeking the hearing must show, or at least offer to show, that he has sustained an injury, or that he has a right that ought to be enforced in a judicial tribunal.

In this case it is not even pretended that the plaintiff in error has any right to or control over, the whole or any portion of the estate of Wm. H. Johnson, deceased; on the other hand, it appears that Lewis Johnson, if any one, was the person to complain.

The appellant contends that the words of the statute are so

broad that a person need not show any interest in the subject matter of the estate to entitle him to an appeal. This proposition is somewhat startling; such a construction would make the legislature appear ridiculous in the extreme. Courts of justice never open the door to individuals and permit litigation, for no other reason than that some one wishes to know what he can do with others engaged in business, which in no wise concerns him or affects his rights. The ministers of justice ought never to consume time for the mere purpose of satisfying the morbid appetite of idle curiosity. It cannot be contended with any degree of plausibility, that the language " when any person shall be desirous of appealing from any order or decree," etc., (Statutes of 1839, page 297, sec. 6), should be construed to mean that persons not aggrieved or in any way affected either in their persons or their rights should be entitled to invoke the aid of an appellate court for the purpose of reviewing the proceedings of a subordinate tribunal; yet this is the only thing relied on by the plaintiff to sustain his case. Courts will, if possible, construe statutes so as to give the effect evidently intended by the legislature, without doing violence to the language used in the act; and statutes in *pari materia*, are all to be considered. We are clearly of the opinion that a person *having no interest*, nor in any way affected by the adjudication of a probate court, is not entitled to an appeal within the statute. The judgment should be affirmed, with costs.

Judgment affirmed.