# ADDISON COUNTY,

[Continued from *ante*, page 180.]

---

### DANIEL NIMBLET *v.* LUCY CHAFFEE.

*Probate Court. Appeal from decree refusing to appoint a guardian, in case of alledged insanity. Motion to dismiss.*

Where the friends and relatives of an alledged insane person, made application to the probate court to appoint a guardian over the alledged insane person, and the probate court upon hearing the application, made a decree refusing to appoint a guardian; and one, who petitioned the probate court with others, as friends and relatives of the alledged insane person, appealed from the said decree, it was held, on motion to dismiss the said appeal, that the friend or relative, in the case where no guardian is appointed, and the guardian, in the case where the decision is that the ward is no longer a proper subject of guardianship, are not, by the provisions of the statute, entitled to an appeal.

APPEAL from a decree of the probate court refusing to appoint a guardian over an alledged insane person.

In the county court the appellee moved to dismiss said appeal, on the ground that said court has no appellate jurisdiction of the case. The county court sustained the motion and dismissed the appeal. Exceptions by appellant.

*Geo. W. Grandy* for appellant.

*Barber & Bushnell* for appellee.

BY THE COURT. This is an appeal from the probate court, from a decree refusing to appoint a guardian over the appellee, an alledged insane person, by one who petitioned the probate court, with others, as friends and relatives of the appellee. The county court, on motion, dismissed the appeal. The question whether the case is appealable on the part of such friends and relatives, is now to be revised.

The statute expressly provides, that if the decision is against

the alledged insane person, or when he shall petition to be discharged from guardianship, and the decision shall be adverse to his petition, he shall be allowed an appeal, " but no bond shall be required on granting such appeal."

It is claimed, on the part of appellant, that this provision is merely for the purpose of allowing one party to appeal without giving a bond. But the form of the enactment precludes any such construction. The chief purpose of the enactment seems to be to give the appeal to the alledged insane person, and as we think, by implication, to deny it to the other party, adding, " but no bond shall be required," which is indeed another important purpose, but the form of the enactment seems to show that this was not the prominent idea in the mind of the person drawing the bill, or in the legislature in passing it.

We think, therefore, that according to the maxim of *expressio unius est exclusio alterius*, it must be considered, that the friend or relative in the one case, where no guardian is appointed, and the guardian in the other, where the decision is that the ward is no longer a proper subject of guardianship, shall not have an appeal.

And we think there is sound reason in this distinction. The friends and relatives in one case and the guardian in the other, have no such interest as is ordinarily required to entitle one to appeal from a decree of the probate court. They have no present vested pecuniary interest, in creating or continuing the guardianship. And no interest or right of theirs is concluded by the decree. A new proceeding may be instituted, at any time, when it is believed the evidence of the insanity has become more convincing. And the friends, who deem a relative insane, when others do not, as is not seldom the case, where property is in expectancy, should be satisfied with the decision of the probate court, and ordinarily will be. And at all events, to allow an appeal and protracted litigation, at the caprice of any one of the applicants, however numerous, and of the guardian also, would become absolutely intolerable, to one accused of insanity, and not unlikely to produce such a state of mind.

It is said, the court ought not to presume against the interest of the appellant. But it is to be borne in mind, that the expectancy of an heir, or the apprehension of being ultimately compelled

to mantain a lineal ancestor or descendant, is no present vested interest, which the law can recognize. Nor could the former, at common law, be assigned even. And no other possible interest is even suggested.

Judgment affirmed.