Marx, by guardian ad litem, vs. Rowlands, Ex'r, etc.

MARX, by guardian *ad litem*, vs. ROWLANDS, Executor, etc.

*November 24 — December 11, 1883.*

PROBATE OF WILL. *(1) Guardian* ad litem *for insane heir when general guardian adversely interested. (2) Son of heir may apply for appointment of such guardian and for leave to appeal.*

1. The executor and residuary legatee named in a will is not a proper person to protect the rights of an insane heir at law of the testator, to whom no part of the estate has been devised or bequeathed, although the executor is the general guardian of such heir. And the court may proceed, as though such insane heir had no general guardian, to appoint a guardian *ad litem* to prosecute an appeal from an order admitting the will to probate.

2. The son of such insane heir, though he cannot himself appeal from the order admitting the will to probate, may apply to the circuit court, on behalf of his parent, for the appointment of a guardian *ad litem* and the allowance of an appeal after the expiration of the statutory time therefor.

APPEAL from the Circuit Court for *Waukesha* County. The case is thus stated by Mr. Justice TAYLOR: ·

"This is an appeal from an order of the circuit court of Waukesha county, allowing the respondent to appeal from the order and judgment of the county court of said county admitting to probate the last will and testament of Elizabeth J. Jones, deceased. The order appealed from was made under the provisions of sec. 4035, R. S. 1878. The petition upon which the order was granted states in substance the following facts: That Elizabeth J. Jones died in said county

of Waukesha, January 28, 1882; that she left surviving her no father, mother, husband, or child, and but one sister, *Margaret Marx*, who was her sole heir at law; that the said *Margaret Marx* was, at the time of the death of deceased, and still is, an insane person; that the petitioner, Joseph Marx, is the only child of said *Margaret;* that the appellant in this case was duly appointed guardian of the person and estate of said *Margaret Marx* before the decease of the said Elizabeth J. Jones; that after the death of said Elizabeth a paper writing, purporting to be the last will and testament of said Elizabeth, was on the 9th day of May, 1882, admitted to probate by the order of the county court of Waukesha county. The will is set out at length in said petition, and it appears therefrom that no part of the estate of the said Elizabeth was devised or bequeathed to the said *Margaret Marx*, and that the appellant, *William Rowlands*, was appointed executor of said will, and was made the residuary legatee of the estate of the testator. To excuse the petitioner from not having taken an appeal from said order admitting such will to probate within sixty days after the probate, as required by sec. 4031, R. S. 1878, it is stated that the said Joseph Marx, believing himself entitled to do so, appealed from said order within the sixty days, as required by the statute, and in his own name, as a party aggrieved by such order, and that on the 20th day of August, 1882, his appeal was dismissed by the circuit court. The petition sets out various matters which, if true, might defeat the probate of said will. Notice of the presentation of this petition, and of the time when the same would be presented, was given to the said *William Rowlands*, who had been duly appointed executor of said last will.

"The appellant appeared on said application and opposed said petition. He admits that he is the residuary legatee in said will, and that he was, before the death of said testator, appointed guardian of *Margaret Marx* and was still such

guardian; alleges that such paper, purporting to be the last will and testament, was, in fact, her will, and that the same was lawfully admitted to probate by said county court; and asks that the petition be dismissed. The order allowing *Margaret Marx* to appeal from the order admitting said will to probate was made by the circuit court on the 6th day of February, 1883, and appoints Patrick H. Carney, an attorney of said court, guardian *ad litem* for the said insane person, *Margaret Marx*, to take said appeal and prosecute the same for and on behalf of the said *Margaret Marx*. From this order *William Rowlands*, as executor, etc., appeals."

For the appellant there was a brief by *Vernon Tichenor* and *J. V. V. Platto*, and oral argument by *Mr. Platto*. To the point that the son had no right to make the petition, they cited: *Penniman v. French*, 2 Mass., 140; *Downing v. Porter*, 9 id., 386; *Swan v. Picquet*, 3 Pick., 443; *Stebbins v. Lathrop*, 4 id., 33; *Jackson v. Hosmer*, 14 Mich., 88; *Story v. Winslow*, 3 Pin., 27; *Hughes v. Stickney*, 13 Wend., 282; *Betts v. Sholton*, 24 Wis., 308; *Gunn v. Green*, 14 id., 316; *Downer v. Howard*, 47 id., 476; *McGinnis v. Wheeler*, 26 id., 651; *McGregor v. Pearson*, 51 id., 122; *Amory v. Amory*, 26 id., 152; *Thompson v. Thompson*, 24 id., 515; *Betts v. Shotton*, 27 id., 667; *Rogers v. Hœnig*, 46 id., 361; *Ward v. Clark*, 6 id., 509; *Packard v. Smith*, 9 id., 184; Gary's Probate Law, 338–343.

*David W. Small*, for the respondent.

TAYLOR, J. The learned counsel for the appellant argues that Joseph Marx, the son of the insane heir at law of the deceased testator, had no authority to petition for leave for his insane mother to appeal from the probate of said will. It is not denied that if *Margaret Marx* had been sane she could have petitioned for the order, and if she excused her delay in not appealing within the sixty days allowed by sec. 4031, R. S., the court could, in its discretion, have allowed

her to appeal. The learned counsel seems to argue the case as though Joseph was making the petition on his own behalf, and not on behalf of his insane mother; and cites a number of authorities to show that he has no such interest in the litigation as would authorize an appeal by him; but the petition is made on behalf of the insane person, *Margaret Marx*. The petition closes as follows: "Your petitioner, therefore, and for and on behalf of the said *Margaret Marx*, prays this honorable court that an order allowing an appeal by, for, and on behalf of the said *Margaret*, etc., . . . and that some suitable person be appointed guardian *ad litem* or otherwise for the said *Margaret Marx*, and that said *Margaret Marx* may have such other and further relief," etc. The large list of cases cited by the learned counsel for the appellant would have great force if the petition had been made by the said Joseph Marx on his own behalf to be allowed to appeal from said order of probate. He had appealed before in his own name, and his appeal was dismissed, undoubtedly upon the authorities cited by the learned counsel.

We see no objection to the proceeding to obtain the order in this case. It follows the rule prescribed by the statute for commencing civil actions by insane persons. Sec. 2616, R. S., prescribes the manner of commencing actions by insane persons, and it provides that "a guardian for the action may be appointed upon the application of any party thereto, or of any relative or friend of such insane party, after notice," etc.

Ordinarily, it is true, the insane party would be represented by his general guardian; but it is very clear that he cannot be so represented when such guardian is the adverse party in the action or litigation, as is evidently the case upon this appeal. The guardian is himself the opposite party throughout this case, and appeals to this court from the order allowing his ward to appeal from the probate of a will

of which he is executor, and in which he is the residuary legatee. It is absurd to say that the guardian so situated was the proper person to protect the rights of his ward. Under the circumstances it was clearly the duty of the court to appoint a guardian *ad litem* to prosecute the appeal against the general guardian, who was acting as executor of the will and whose interests were hostile to the interest of his insane ward in that litigation. For the purposes of this litigation the court might proceed as though no general guardian of the insane person had been appointed. There was no necessity of removing the general guardian and appointing another in his place before commencing the action. The guardian *ad litem* appointed by the court would protect her interest in the litigation, and after it is disposed of there may be no reason for the removal of the general guardian.

We are unable to appreciate the force of the suggestion that respondent was guilty of any unreasonable delay in making her application for leave to appeal because her general guardian, whose duty it was to protect the rights of his insane ward, had declined to enter an appeal as such guardian against himself as executor and residuary legatee. His interests in the litigation were clearly so antagonistic as to preclude the idea that the rights of his ward could be properly trusted to his action.

Upon this appeal we are not called upon to look into the merits of the controversy. It is enough if the petition alleges facts which, if proved, would avoid the will.

*By the Court.*— The order of the circuit court is affirmed.