## DAVIS v. NORVELL.

### (*Knoxville.*    September 25, 1888.)

1. INQUISITIONS OF LUNACY.    *Practice in County Court in cases of concurrent jurisdiction.*

Inquisitions of lunacy had in County Courts, in that class of cases of which the Chancery Courts have concurrent jurisdiction, must conform, "as near as may be, to the rules and regulations laid down for the conduct" of such cases in the Chancery Courts.

Code cited: § 4976 (M. & V.) ; § 4196 (T. & S.).

Cases cited and approved: Dozier, *ex parte,* 4 Bax., 81 ; Albright *v.* Rader, 13 Lea, 574.

2. SAME.    *Same.    Notice.    Waiver of copy of petition.*

Hence, in such cases, though not required in terms by the statutes regulating the practice in the County Courts, notice, accompanied by copy of the petition, must be served on the alleged lunatic; but if proper notice is served, without copy of petition, the irregularity is waived by failure to object in the Court below.

Code cited: §§ 4440, 4976 (M. & V.) ; §§ 3691, 4196 (T. & S.).

Cases cited and approved: 4 Bax., 81 ; 13 Lea, 574.

3. SAME.    *Same.    Reduction of evidence to writing.*

Hence also the County Court Clerk must, in such cases, preside over the deliberations of the jury, reduce to writing the examination of the defendant and the testimony of the witnesses, and return the same into Court with the verdict of the jury.

Code cited: §§ 4445–4447, 4946 (M. & V.) ; §§ 3696–3698, 4196 (T. & S.).

4. SAME.    *Writ of error.    Pauper oath.*

The alleged lunatic may prosecute a writ of error, in proper person and upon the pauper oath, from an adverse judgment in a proceeding of inquisition.

---

FROM M'MINN.

---

Writ of error to County Court of McMinn County.

Davis *v.* Norvell.

Burkett, Mansfield & Turley for Davis.

W. L. Harbison and Robt. Pritchard for Norvell.

Lurton, J.     Mary Davis, the plaintiff in error, was declared a person of unsound mind by the County Court of McMinn County. She has filed a transcript of the record, and obtained a writ of error upon taking the oath prescribed for poor persons.

The first error assigned is that she was not served with a copy of the petition of J. F. Norvell, the defendant in error, praying for a writ of inquisition against her. This would be error but for the fact that it appears that she was duly served with notice of the time, place, and object of the inquisition, and it does not appear that any objection was made because copy of petition had not been served upon her. This irregularity must be treated as waived.

The next assignment of error is that the record does not show that the defendant was examined by the jury, or that the testimony of the witnesses heard by the jury was reduced to writing by the Clerk and returned into Court by the jury with their verdict.

The article of the Code concerning proceedings in the County Court upon a writ of inquisition does not, in terms, require either the examination of the defendant or that the testimony shall be reduced to writing and returned with the verdict.

Code, §§ 3681 to 3690 inclusive.   On the other hand
the article regulating proceedure in the Chancery
Court upon a writ of inquisition does expressly
require both these things.   Code, §§ 3691 to 3707
inclusive.

Where the estate of the defendant exceeds five
hundred dollars in value, the jurisdiction of the
County Court is concurrent with that of the Chan-
cery Court.   The case now under consideration was
one of concurrent jurisdiction, the fact that the
estate of the defendant exceeded five hundred dol-
lars appearing upon the face of the petition as well
as in the verdict of the jury.   When the jurisdic-
tion is concurrent, the practice prescribed for pro-
ceedings of a similar nature in the Chancery Courts
must be pursued as near as may be consistent with
the difference in the organization of the two courts.
Section 4196 of the Code is as follows:   " The mode
of proceeding in the County Court, where the ju-
risdiction is concurrent either with the Circuit or
Chancery Court, shall be, as near as may be, ac-
cording to the rules and regulations laid down for
the conduct of similar business in these courts."
The sections regulating the jurisdiction and practice
of the County Court in inquisitions of lunacy no-
where expressly require that any petition shall be
filed, or copy served upon the defendant, or any
notice to the defendant of the time and place of
inquisition.   Yet this Court, in two well consid-
ered cases, held, that in cases of concurrent juris-
diction the defendant is entitled to both copy of

petition and notice. These cases do not, in terms, say that the other regulations prescribed for such proceedings in the Chancery Court are applicable to the County Court, but they do hold that section 4196 has application, and that the practice in the County Court must, as near as may be, conform to the regulations prescribed for such cases in the Chancery Court: *Dozier ex parte,* 4 Bax., 81; *Albright* v. *Rader,* 13 Lea, 574.

In cases of inquisition of lunacy, whether before the County or Chancery Court, the testimony is not delivered in court, but is heard only by the jury, and this furnishes a most potent reason why the evidence should be reduced to writing and returned into court with the verdict. By being so returned into court the testimony becomes a part of the record. In no other way could a bill of exceptions be obtained upon which the case might be reviewed upon the facts by an appellate court. Every consideration of justice to the most helpless and friendless class of our people demands a compliance with these most reasonable precautions against error and oppression. Neither is there anything in the organization and machinery of the County Court which will prevent a compliance with this regulation. We, therefore, hold, that where the jurisdiction of the County Court is concurrent with the Chancery Court, the Clerk of the County Court, or his deputy, must preside over the deliberations of the jury, and that he must reduce to writing the examination of the defendant and the

testimony of the witnesses heard by the jury, and that the evidence must be returned with the verdict of the jury into court.

The motion of defendant in error to dismiss the writ of error because prosecuted by Mary Davis in proper person, and because prosecuted *in forma pauperis*, is denied.

If it be assumed that she is *non compus mentis*, yet that affords no sufficient reason why she may not prosecute such a suit as this in her own name: *Rankin* v. *Warner*, 2 Lea, 302.

That all of her estate is in the hands of the guardian appointed under the proceeding under review, is a sufficient justification for the prosecution of this writ of error upon the oath prescribed for poor persons. The case will be remanded to the Court below, to be proceeded with under a new writ of inquisition if defendant in error shall be so advised.

The costs of the Court below, as well as of this Court, will be paid by defendant in error.