ELIZABETH S. BRIARD, Appellant,

*vs.*

BENJAMIN N. GOODALE, Guardian.

York. Opinion December 16, 1893.

*Probate. Appeal. R. S., c. 63, § 23; c. 71, § 25.*

By R. S., c. 63, § 23, any person "aggrieved" by a decree of the probate court, may appeal to this court.

Persons "aggrieved" are those only who have rights enforceable at law, and whose pecuniary interest might be established, in whole or in part, by the decree.

The appeal will be dismissed unless the right to appeal is affirmatively alleged and established by the case presented.

Where a sister appealed from the decree of the probate court appointing a guardian to her sister as a person of unsound mind, and neither specified in her reasons for the appeal, nor alleged in her exceptions, that she is an heir apparant or an heir presumptive of the ward, *held;* that the exceptions should be overruled and the appeal dismissed. *Non constat* that a sister is an heir. There may be nearer relatives; the ward may have children living.

It does not appear affirmatively that the appellant is legally interested in the ward's estate, and is, therefore, not a person "aggrieved."

On exceptions.

The case appears in the opinion of the court.

*R. H. Nott*, for appellant.
*John M. Goodwin*, for appellee.

Sitting : Peters, C. J., Walton, Emery, Foster, Haskell, Whitehouse, JJ.

Whitehouse, J. This is an appeal from the decree of a judge of probate appointing a guardian to a person of unsound mind. The appellant is a sister of the ward, and the presiding justice ruled that she was not a person aggrieved by the decree within the meaning of Section 23, Chap. 63 of the Revised Statutes. The case comes to this court on exceptions by the appellant.

Unless the appellant's right to appeal is affirmatively established by the case presented, the appeal will be dismissed. *Pettingill* v. *Pettingill*, 60 Maine, 419 ; *Deering* v. *Adams*, 34 Maine, 41.

" The persons indicated by the statute under the term 'aggrieved' are not those who may happen to entertain desires on the subject, but only those who have rights which may be enforced at law, and whose pecuniary interest might be established in whole or in part by the decree." *Deering* v. *Adams*, *supra*, and cases cited.

With respect to the petition of a guardian for the sale of his ward's estate, it is provided by § 25, chap. 71, R. S., that " All heirs apparent or presumptive of the ward shall be considered interested in the estate ;" and in *Lunt* v. *Aubens*, 39 Maine, 392, it was held that an heir presumptive of the ward was entitled to have an appeal from a decree appointing a guardian.

But, in the case at bar, it is neither specified in the reasons for the appeal, nor alleged in the exceptions, that the appellant is either an heir apparent or an heir presumptive of the ward. It is stated in the exceptions that she is a sister of the ward ; but *non constat*, that a sister is an heir. There may be nearer relatives ; the ward may have children living. It is neither alleged nor proved that the appellant is an heir. It does not

affirmatively appear from the case presented that the appellant is legally interested in the ward's estate. It is not established that she is "aggrieved" within the meaning of the statute or the purview of the authorities cited.

All questions of fact involved in the case were finally determined by the presiding justice. His ruling upon the question of law presented was undoubtedly correct.

The appeal being a nullity, the court has no jurisdiction to affirm or reverse the decree. *Gray* v. *Gardner*, 81 Maine, 558 ; *Milliken* v.*Morey*, 85 Maine, 342. The entry must accordingly be,
                                *Exceptions overruled.   Appeal dismissed.*