IN RE GUARDIANSHIP OF JOHN McLAUGHLIN and others.

*January 11 — January 31, 1899.*

*County courts: Appeal on behalf of minors.*

An appeal on behalf of a minor from an order or judgment of the county court may, under sec. 4031, Stats. 1898, be taken by his general guardian or by a guardian *ad litem* appointed for that purpose, but a third person cannot in his individual capacity take an appeal in behalf of such minors from an order denying his petition for the removal of their general guardian. The statutory provision is exclusive.

APPEAL from an order of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Affirmed.*

---

*William McLaughlin*, describing himself as the brother of their father, and therefore the uncle of certain minor children under fourteen years of age and then under the guardianship of their mother, made verified petition to the county court of Waukesha county, setting forth misconduct and waste by the guardian, and praying her removal and the appointment of some one in her place. That petition was denied and the removal of the guardian refused. Thereupon said *William McLaughlin*, with no description whatever of his relationship to the parties or of his interest in the matter, gave notice of appeal to the circuit court, asserting himself aggrieved by said order. The general guardian made motion in the circuit court to dismiss said appeal, which motion was allowed, and the appeal accordingly dismissed, from which action this appeal is brought.

For the appellant there was a brief by *C. E. Armin*, attorney, and *James G. Flanders*, of counsel, and oral argument by *Mr. Flanders*. They argued, among other things, that it was immaterial that the petition was not in form by the petitioner as guardian *ad litem* or next friend. The parties to it were the infants. *Vincent v. Starks*, 45 Wis. 462; *McKinney v. Jones*, 55 id. 43, 44; *Gulf, C. & S. F. R. Co. v. Styron*, 66 Tex. 421. The next friend is not for any purpose regarded as a party to the suit, except that he is liable for costs. *Sinclair v. Sinclair*, 13 Mees. & W. 640, 646; *Baltimore & O. R. Co. v. Fitzpatrick*, 36 Md. 619; *Brown v. Hull*, 16 Vt. 673; *Gray v. Parke*, 155 Mass. 433, 436; *Tripp v. Gifford*, id. 108.

For the respondents there was a brief by *Ryan & Merton*, and oral argument by *T. E. Ryan*.

Dodge, J. *William McLaughlin* in his individual capacity, of course, is not a party in interest and cannot appeal. *Marx v. Rowlands*, 59 Wis. 110. Indeed, appellant's counsel concedes this, but contends that this must be deemed an

appeal by the minors or on their behalf. Sec. 4031, Stats. 1898, provides that "the appeal of any minor may be taken in and prosecuted in the name of the general guardian of such minor or by a guardian *ad litem* appointed for that purpose." No reason appears to us why this court should enlarge or diminish this statute. It must be deemed exclusive. While the duty is not upon this court to find reasons for plain legislation, we may remark that it is of primary importance that the proceedings of county courts, with the important property interests placed in their care, should not be interrupted by unwarranted appeals, nor the rights of minors therein jeopardized, and their estates burdened with expense, at the discretion of people having no authority to represent them, and who in many cases may be antagonistic to their interests. Compliance with the statute is easy, and no doubt can be entertained that at any time county courts will certify to the qualifications of some proper person to care for the minors' interests, by conferring upon him an appointment as guardian *ad litem* when the occasion demands. Without such certification he is a mere volunteer, and the presumption is adverse to, rather than in favor of, his suitability to care for the minors' interests.

*By the Court.*— The order of the circuit court dismissing the appeal is affirmed.

BARDEEN, J., took no part.