MERRILL, Appellant, vs. MERRILL, Respondent.

*January 9—January 28, 1908.*

*Appeals from county court: Persons entitled to appeal: "Person aggrieved:" Review: Findings, when disturbed.*

1. The petitioner for the appointment of a guardian of his father, an alleged incompetent, was the only child, and, under sec. 1502, Stats. (1898), would be legally bound to relieve and support his father should he dissipate his property so as to be unable to maintain himself. *Held,* that such liability gave petitioner such a substantial interest in the proceeding that he should properly be considered a "person aggrieved" within the meaning of the appeal statutes.

2. In such case it was not error for the circuit court to deny a motion to dismiss an appeal from an order refusing to appoint a guardian, on the ground that the petitioner was not an aggrieved person within the calls of sec. 4031, Stats. (1898), regulating appeals from county to circuit court.

[3. Whether a mere friend or relative or other person not under such liability who makes such a petition—as under sec. 3978, Stats. (1898), he may—can properly be considered as aggrieved by its denial, doubted, but not determined.]

4. Findings of fact having ample support cannot be reversed on appeal.

APPEAL from a judgment of the circuit court for Dodge county: JAMES J. DICK, Circuit Judge. *Affirmed.*

*J. E. Malone,* for the appellant.

For the respondent there was a brief by *Chr. A. Christiansen, M. E. Burke,* and *J. G. Bachhuber,* and oral argument by *Mr. Christiansen* and *Mr. Burke.*

WINSLOW, C. J. *George W. Merrill* petitioned the county court of Dodge county for the appointment of a guardian of the person and estate of his aged father, on the ground that he was incompetent to manage his property and by excessive drinking and debauchery was wasting his estate so as to endanger his support. After a full hearing in that court the

petition was denied and the petitioner appealed to the circuit court, where the case was heard on the evidence taken in the county court and the order of the county court was affirmed. From the judgment of affirmance the petitioner appeals to this court.

A motion was made in the circuit court by the respondent to dismiss the appeal, on the ground that the petitioner was not an aggrieved person under the provisions of sec. 4031, Stats. (1898), regulating appeals from county court to circuit court, and hence had no right to appeal. The petitioner is a married man and is the only child of the respondent, and under sec. 1502, Stats. (1898), would be legally bound to relieve and support his father should he dissipate his property so as to be unable to maintain himself. This liability, we think, gives him such a substantial interest in the proceeding that he should properly be considered a "person aggrieved," within the meaning of the statute, when his petition is denied. When a mere friend or relative or other person not under such liability makes such a petition—as under sec. 3978, Stats. (1898), he may,—it seems extremely doubtful whether he can properly be considered as aggrieved by its denial; but upon that question we express no opinion.

The testimony was quite voluminous on the questions of fact presented by the petitioner, and both courts found that the respondent was competent to transact business and was not squandering his estate so as to endanger his support. These findings had ample support in the evidence and therefore we cannot reverse them. Any detailed statement of the evidence would be of no practical value.

*By the Court.*—Judgment affirmed.