JOSEPH TIERNEY ET AL., APPELLANTS, V. JOHN TIERNEY, APPELLEE.

FILED MARCH 19, 1908.   No. 15,117.

Insane Persons: GUARDIANSHIP: APPEAL. The heirs apparent or presumptive, or those dependent upon an alleged incompetent person for support, may appeal from an order of the county court dismissing their petition for the appointment of a guardian for such incompetent.

APPEAL from the district court for Cuming county: GUY T. GRAVES, JUDGE. *Reversed.*

*Brome & Burnett,* for appellants.

*A. R. Oleson, contra.*

EPPERSON, C.

The appellants filed their petition in the county court of Cuming county, alleging that their father, the appellee, was the owner of real estate valued at $10,000, and that he, by reason of extreme old age and impaired health, was mentally incompetent to have the charge and management of his property, and incapable of taking care of himself. Upon the trial thereof the county court found against the appellants, and dismissed the action. An appeal was taken to the district court, and from an order dismissing such appeal the case is brought here.

It is contended by the appellee that no appeal will lie from an order dismissing the application for the appointment of a guardian of an alleged incompetent person. Section 5384, Ann. St. 1903, provides that the relations or

friends of any insane person, or of any person who, by
reason of extreme old age or any other cause, is mentally
incompetent to have the charge and management of his
property, may file a petition with the county court for the
appointment of a guardian.  Section 5385 provides for a
hearing upon the application, and requires the county
court to appoint a guardian for such incompetent person,
if it appears that such person is incapable of taking care
of himself or managing his property.  Original jurisdic-
tion in guardianship matters is conferred by statute upon
the county court as a part of its probate jurisdiction.  Sec-
tion 4823, Ann. St. 1903, provides: "In all matters of
probate jurisdiction, appeals shall be allowed from any
final order, judgment, or decree of the county court to the
district court by any person against whom any such order,
judgment, or decree may be made, or who may be affected
thereby."  The question presented by this appeal is:  Do
the children of an incompetent person have an interest in
the proceedings which gives them the right to prosecute an
appeal to the district court from the order of the county
court dismissing a petition for the appointment of a guard-
ian for an alleged incompetent person?

It has been held by other courts that such an appeal will
not lie, because the petitioner has no interest in the pro-
ceeding which will entitle him to prosecute his petition
further than the court of original jurisdiction.  See *Stude-
baker v. Markley,* 7 Ind. App. 368; *State v. Branyan,* 30
Ind. App. 502, and, also, to the same effect is *Nimblet v.
Chaffee,* 24 Vt. 628.  In *Studebaker v. Markley, supra,* it
is said: "The petitioner who institutes the proceeding is
not a real party in interest.  It is a matter of no special
concern to him that any person be adjudged of unsound
mind; whilst to the court, and to the public, it may be a
matter of great solicitude.  It is not the function of the
petitioner to take upon himself the management of the
proceeding.  His position is analogous to that of a friend
of the court.  *  *  *  After the proceeding is instituted,
his duty is done, and that of the court begins.  *  *  *

The appellants can neither gain nor lose by any judgment that might be rendered by this court, so far as the subject matter of the controversy is concerned. * * * There is no occasion for an appeal. The rights of all can be secured by a second proceeding. The interest of the accused and the interest of the public require, and we think the evident purpose of the statute is, that such a judgment is a finality from which no appeal will lie to any court." This reasoning we think may logically apply to an attempted appeal by a stranger, or by any relative of the alleged incompetent person who is not an heir apparent or presumptive, or upon whom no legal obligation rests to care for the incompetent. We cannot adopt the reasoning quoted to the extent of applying it to proceedings instituted by the next of kin, or by relatives who are dependent upon such alleged incompetent person for support. In the event that the county court misapprehends the law or the evidence, and an appeal from an order dismissing the petition is denied, then the wife or dependent children of a property owner may be required to sit silently by and see the only source of their income lost to them forever by reason of the incompetency of their husband and father; and heirs apparent likewise might have no remedy to prevent the squandering of their prospective inheritance. Section 5440, Ann. St. 1903, expressly provides that, upon an application by a guardian of an incompetent person to pay debts, notice shall be served upon the next of kin and heirs apparent or presumptive of the ward, who shall, for the purpose of such proceeding at least, by the express provision of the statute, be considered as interested in the estate, and may appear and answer the petition of the guardian. See, also, *Myers v. McGavock,* 39 Neb. 843. Section 5440, *supra,* and the other sections of the statute cited above cannot be said to be *in pari materia;* but we may properly look to the statutes pertaining to the control of the property of an incompetent person for the purpose of ascertaining the policy of the law, and in determining who are to be considered real parties in interest. The

legislature has expressly declared the next of kin and the heirs apparent or presumptive to have an interest in the estate of an incompetent person. It is very apparent that the next of kin have as great an interest in the property and estate of an incompetent person before he has been declared such as they have thereafter. While the interest of heirs apparent is not vested, yet their right to protect the same is a present and existing one. The children of an incompetent person have an interest other than that of heirs apparent; for, in the event of the wasting of his property, the duty of supporting him would rest upon them, and for this reason, if for no other, they are interested in the proceeding.

And, again, not only are property interests involved, but the personal welfare of the incompetent person himself is a matter of as great concern. One who, on account of extreme old age or by reason of mental incapacity, is unable to properly take care of himself is entitled to the care and protection of his next of kin, and they are entitled to demand of the courts a warrant of authority, so that they may legally exercise the necessary control to restrain the unfortunate from pursuing a course, not only destructive of his financial interests, but also disastrous to his health and comfort. The next of kin or dependent relatives are primarily interested as such in the comfort and general welfare of the incompetent, and if they appear only in his behalf it would seem that they would have the right to appeal in such representative capacity. Moreover, the mere fact that the alleged incompetent person resists the application does not take away the right or the duty of his next of kin to appear for him; for, indeed, if he was in fact insane, his resistance of the application would furnish no reason whatever for the dismissal thereof.

It is true that upon a change of conditions further application might be made to the county court, and the same matter, with additional evidence, tried again before that tribunal. But the matter is of such importance that we do not consider that the interested next of kin should be re-

quired to adopt as conclusive the judgment of the county court, but, like all other litigants having matters of importance in issue, are entitled to an appeal to a higher court; nor can we presume in an action of this nature that the judgment of the county court was right. The petitioners could not reasonably be expected to again make application to the same court who had once refused them, unless they could obtain stronger evidence of incompetency than that presented at the first hearing. An insane person might squander his property and destroy his health by repeated insane actions of the same nature. It can readily be seen that, unless an appeal is allowed, such insane person might waste his entire estate, and his dependent ones would have no redress, because evidence of the same character would probably not appear to the county court in a second instance any more forcible than it did upon the first trial.

We are not entirely without precedent for the conclusion we have reached. It was held in *In re Olson,* 10 S. Dak. 648, that such an appeal would lie, and there, as here, the children of the alleged incompetent person were the appellants, and in the opinion we find the following: "If their father was incapable of caring for himself and his property, who could be more vitally interested than his children in having his estate preserved by a suitable guardian? They are certainly interested in the estate affected by the order appealed from. As to them, it was clearly an appealable order." We held in *Prante v. Lompe,* 77 Neb. 377, that in a proceeding for the appointment of a guardian for an alleged incompetent person his next of kin were proper parties, and they could appear in court and oppose the petition for the appointment of a guardian. In that case the county court refused the application of the next of kin to set aside an order appointing a guardian. It appears that an appeal may be taken from an order appointing a guardian by any person aggrieved. "But the interest of such person must be a substantial one, not that of love or affection of a relative, unless he is a presumptive

heir of the party *non compos."* Woerner, Law of American Guardianship, 526. It is the policy of our law that the heirs apparent or presumptive and those dependent upon an incompetent person have an interest in him and in his property, and that they are proper parties to any proceedings affecting him or his property. The very interests which make them proper or necessary parties also give them the right to appeal from an adverse order.

We recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.