IN RE CARPENTER: SANBORN, Appellant, vs. CARPENTER, Respondent.

*October 5—November 12, 1909.*

*Incompetent persons: Guardians: Refusal to appoint: Who may appeal: "Person aggrieved."*

1. Under sec. 3976, Stats. (1898), any relative or friend of a person alleged to be mentally incompetent may institute a proceeding in the county court for appointment of a guardian, but under sec. 4031, besides certain specified official persons, only a "person aggrieved" by the determination of the court can appeal therefrom.
2. No person is "aggrieved," within the meaning of said sec. 4031, unless the determination affects adversely his legal rights; mere affront to desire or sentimental interest being insufficient.
3. Next of kin or heirs apparent have no legal rights or interest in the property of a living relative.
4. Refusal to appoint, upon the petition of nonresident adult sister, a guardian for an alleged incompetent adult residing in this state, did not affect any legal rights of the petitioner, she having no legal right to control the custody or conduct of the alleged incompetent, no legal right to support from, or legal duty of care or support to, the latter, and no legal rights in or to the property of the latter.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Appeal dismissed.*

The appellant, *Eliza E. Sanborn,* a nonresident of this state, but a sister of the alleged incompetent, who together with another sister and a brother are the next of kin, applied to the county court for the appointment of a guardian to conserve the property of *Sarah A. Carpenter,* alleging her incompetence. The county court decided in favor of the application, which decision, on appeal to the circuit court, was reversed and cause remanded, whereupon the county court entered its order denying the petition, from which order this appellant appealed to the circuit court, where, no evidence being offered in support of the petition, judgment was entered

affirming the order of the county court, from which judgment said petitioner appeals. *Sarah A. Carpenter* moves to dismiss the appeal on the ground that *Eliza E. Sanborn* has no interest and is not aggrieved and is therefore incompetent to bring the appeal.

For the respondent, in support of the motion, there was a brief by *John H. Paul,* attorney, and *Miller, Mack & Fairchild,* of counsel, and oral argument by *Mr. Paul* and *Mr. Geo. P. Miller.*

For the appellant, *contra,* there was a brief by *Quarles, Spence & Quarles,* attorneys, and *J. V. Quarles, Jr.,* of counsel, and oral argument by *J. V. Quarles, Jr.*

Dodge, J. The proceeding authorized by our statutes (sec. 3976 *et seq., Stats.* 1898) for the appointment of guardians for incompetent persons involves a most violent interference with the most sacred rights of property and civil liberty, unless, indeed, there does exist the full degree of incompetency specified by the statute. Unless that exists, and therefore in the question whether it exists, the alleged incompetent of course has the most obvious interest adversary to the proceedings. When, however, incompetency does exist, and is or threatens to be effective in the dissipation of property and impoverishment of the subject, doubtless the welfare of both the incompetent person and of the community at large is involved in favor of affirmative action. It is in line with such considerations that the statute vests in the county court authority to proceed to investigate upon the subject being brought to its notice by even a relative or a friend of the alleged incompetent, irrespective of any pecuniary or other legal interest which such petitioner may have in the matter. It does not follow from this, however, that the legislature has deemed it essential to the protection of either the incompetent person or the public that the determination reached by the county court, a court of great dignity and or-

ganized to be intrusted with most important jurisdiction and responsibility, shall be subject to appeal by persons having no legal interest to justify their further interference. *Nimblet v. Chaffee,* 24 Vt. 628; *Studabaker v. Markley,* 7 Ind. App. 368, 34 N. E. 606; *In re Guardianship of McLaughlin,* 101 Wis. 672, 78 N. W. 144; *In re Guardianship of Welch,* 108 Wis. 387, 84 N. W. 550. The legislature may well have believed that the county courts were competent tribunals to which, so far as the public welfare was concerned, those questions might finally be submitted, and that they did so view it is not antagonized by the fact that appeals lie in all cases from decisions of the county courts, in favor of individuals whose legal rights are claimed to be invaded by such decisions. The statutes themselves are significant of a marked distinction as to the conditions and persons that may originally arouse the duty of the county court to inquire into competency and those which may justify attack on its decisions and thereby greatly enhance and aggravate the injury to the subject of the charge by multiplication of litigation and expense.

While sec. 3976, Stats. (1898), permits any relative or mere friend to awaken the activities of the county court in the first instance, the right to appeal is limited to certain specified official persons and to "any person aggrieved" by the determination which that court may make. Sec. 4031, Stats. (1898). This phrase of the statute has from the earliest days been construed to the effect that no one can be aggrieved, in the sense of the statute, unless the determination affects adversely his legal rights; that mere affront to desire or sentimental interest is insufficient. *Strong v. Winslow,* 3 Pin. 27; *Marx v. Rowlands,* 59 Wis. 110, 17 N. W. 687; *In re Guardianship of McLaughlin,* 101 Wis. 672, 78 N. W. 144; *Estate of Cole v. Beurhaus,* 102 Wis. 1, 78 N. W. 402.

Obviously no personal rights of appellant are involved, for an adult nonresident sister has no legal right to control the custody or conduct of another adult sister residing here, nor

.any right to support from, or legal duty of care or support to, the latter. It is equally obvious that no legal rights of appellant in or to property are affected. Even a next of kin or heir apparent has no right or legal interest in the property of a living relative. *Nemo est hæres viventis.* Broom, Leg. Max. (7th Am. ed.) 522. By reason of the absolute right of disposal of property by the owner, any expectancy or chance of inheritance is too conjectural and remote to be recognized as a legal right. *In re Guardianship of McLaughlin, supra; Hamilton v. Probate Court,* 9 R. I. 204; *Nimblet v. Chaffee, supra.* So that the appellant is not a party aggrieved as the term in sec. 4031 is ordinarily construed.

No analogy exists, as claimed, between the mere petitioner in guardianship proceedings and an administrator or executor who, as suggested by appellant, may appeal from order of the county court although without private interest in an estate. *McKenney v. Minahan,* 119 Wis. 651, 97 N. W. 489; *In re Paulson's Will,* 127 Wis. 612, 107 N. W. 484. The right of administrators and certain other officers to appeal is expressly conferred upon them by statute *ex officio* (sec. 4031, Stats. 1898), and is not expressly conferred on a mere petitioner.

It is, however, argued by appellant that a more liberal interpretation should be given to the word "aggrieved" in guardianship proceedings by reason of their peculiar character and purposes and the probability at least of the incapacity of the object of them to care for his own interests; and it is urged that the word should be extended to those upon whom will be cast the legal duty to support the alleged incompetent in case of the dissipation of his property, or to those who, being directly and legally dependent upon him for support, will be deprived of their legal right to such support, and also, which is alone material to the present appeal, that it should be extended to next of kin or heirs apparent who, in the absence of other disposition, would inherit in case of the death of

the alleged incompetent person. This general contention was in part favorably considered in *Merrill v. Merrill,* 134 Wis. 395, 114 N. W. 784, where it was held that a son, resident in this state, and charged by law with the duty of supporting his father in case the latter became indigent, had such direct interest in conserving his father's estate that he might appeal from an order refusing appointment of guardian. The case went no further, and repudiated any decision upon the point material to this case. The distinction in the case of a mere next of kin or heir apparent is that the burden of support cast on a son is an injury to a right presently existing in the person seeking to protect it, while, as already pointed out, the mere heir apparent has no present legal right whatsoever, but a mere conjectural expectancy.

True, several cases are cited by appellant where the courts of other states have held in favor of the right of such an heir to appeal in guardianship proceedings. *Tierney v. Tierney,* 81 Neb. 193, 115 N. W. 764; *In re Olson,* 10 S. Dak. 648, 75 N. W. 203; *Boynton v. Dyer,* 18 Pick. 1; *Lawless v. Reagan,* 128 Mass. 592; *Briard v. Goodale,* 86 Me. 100, 29 Atl. 946. In each of these cases, however, a careful examination will disclose that the right to appeal is predicated upon some special and peculiar statutory provision, either expressly or impliedly declaring a legislative purpose that such heir apparent or other relative be deemed to have a legal interest in the proceedings. See *Penniman v. French,* 2 Mass. 140. Apart from such cases there are of course others to the effect that relatives or friends may be allowed to act as next friend, or, as in this state, as guardian *ad litem,* to bring appeal in the interest of the alleged incompetent person. We have not had called to our attention or found any direct authority that, in the absence of other statutory direction, a mere heir apparent or next of kin can be deemed to be aggrieved for the purposes of an appeal in such proceedings. The contrary is held in many jurisdictions. *State ex rel. Amy v. Bazille,* 81 Minn. 370, 84 N. W. 120; *Studabaker v. Markley,* 7 Ind.

App. 368, 34 N. E. 606; *Hamilton v. Probate Court,* 9 R. I. 204; *Nimblet v. Chaffee,* 24 Vt. 628.

For reasons hereinbefore stated, and amplified in the decisions cited, we have reached the conclusion that the legislature did not intend, and it would not be promotive of public policy, to extend the right of appeal and the ordinarily well-recognized limitation of the term "aggrieved" in appeal statutes further than was declared in *Merrill v. Merrill, supra.*

We therefore hold that the appellant here is shown to have suffered no injury to her legal rights and is not aggrieved by the judgment appealed from, and therefore has no right by our statute to appeal.

*By the Court.*—Appeal dismissed.