## W. E. HARMON *v.* J. M. HARMON.

### (*Knoxville.* September Term, 1918.)

1. **INSANE PERSONS. Right to appeal. Inquisition.**
A defendant, against whom there has been a judgment of lunacy in an inquisition held for that purpose, is entitled to appeal. (*Post, p.* 66.)

Cases cited and approved: Shaller v. Garrett, 127 Tenn., 665; Cooper v. Summers, 33 Tenn., 453; Fentress v. Fentress, 54 Tenn., 428; Davis v. Norvell, 87 Tenn., 36.

Code cited and construed: Sec. 5451 (T.-S.)

2. **APPEAL AND ERROR. Right to appeal. Inquisition. "Person interested." Aggrieved person.**
A brother of a thirty-seven year old bachelor was not, by reason of his contingent expectancy of inheritance, a "person interested," nor an "aggrieved person," who could, under Thompson's Shannon's Code, sections 4879, 4880, appeal from a judgment after an inquisition finding that his brother was not of unsound mind. (*Post, pp.* 66-69.)

Cases cited and approved: Glosson v. Glosson, 104 Tenn., 391; Porter v. Burton, 57 Tenn., 584; Brooks v. Fleming, 65 Tenn., 331; Goldman v. Justice, 40 Tenn., 107; Studebaker v. Markley, 7 Ind., App., 368; McKenna v. McKenna, 29 R. I., 224; Briard v. Goodale, 86 Me., 100; Tierney v. Tierney, 81 Neb., 193.

Cases cited and distinguished: In re Carpenter, 140 Wis., 572; Nimblet v. Chaffee, 24 Vt., 628.

Codes cited and construed: Secs. 4879, 4880 (T.-S.)

---

### FROM CLAIBORNE.

---

Appeal from the County Court of Claiborne County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— HON. J. H. S. MORRISON, Judge.

MONTGOMERY, DONALDSON & MONTGOMERY, for W. E. Harmon.

WM. I. DAVIS, for J. M. Harmon.

JOHN P. DAVIS, for intervening petitioner, T. T. Simmons.

MR. JUSTICE GREEN delivered the opinion of the Court.

This is a proceeding instituted in the county court of Claiborne county to have J. M. Harmon, declared a person of unsound mind and a guardian appointed for his estate. The petitioner, W. E. Harmon, is a brother of the defendant, and the proceedings were had under the sections of the Code carried into Thompson's-Shannon's compilation as section 5451 *et seq.*

The jury reported that defendant was a person of unsound mind. The county judge, however, upon consideration of the evidence, came to a different conclusion and dismissed the petition. From this judgment petitioner prayed an appeal to this court. The case then properly went to the court of civil appeals. *Shaller v. Garrett,* 127 Tenn., 665, 156 S. W., 1084.

The court of civil appeals considered the matter as though before it on a broad appeal in equity (whether properly or not), and found that J. M. Harmon was a

141 Tenn.—5

person of unsound mind, reversed the judgment of the county court, and remanded the case to the latter court for the appointment of a guardian and further proceedings.

J. M. Harmon has brought the case to this court by *certiorari,* and first insists that the court of civil appeals was without jurisdiction to entertain this appeal of defendant's brother, the petitioner below. We think this contention must be sustained.

It is well settled that a defendant, against whom there has been a judgment of lunacy in an inquisition held for that purpose, is entitled to appeal. *Cooper* v. *Summers,* 1 Sneed (33 Tenn.), 453; *Fentress* v. *Fentress,* 7 Heisk. (54 Tenn.), 428; *Davis* v. *Norvell,* 87 Tenn., 36, 9 S. W. 193. A different question arises, however, when an unsuccessful petitioner attempts to appeal.

The following sections of the Code control the right of appeal in cases like this:

"Any person dissatisfied with the sentence, judgment, or decree of the county court, may pray an appeal to the circuit court of the county, unless it is otherwise expressly provided by this Code." Thompson's-Shannon's Code, section 4879.

"In all cases in which the jurisdiction of the county court is concurrent with the circuit or chancery courts, or in which both parties consent, the appeal lies direct to the supreme court." Thompson's-Shannon's Code, section 4880.

The jurisdiction of the county court is concurrent with that of the chancery court where the estate of the lunatic exceeds $500, which is true in this case.

While the code section above quoted provides for an appeal by "any person dissatisfied," this does not mean that one without an interest in the subject-matter, and one not aggrieved or prejudiced by the decree, is entitled to an appeal. Other statutes relating to appeals are likewise somewhat broad in their language, but this court has always construed them as confining the right of appeal to persons interested, or persons aggrieved. *Glossom* v. *Glossom,* 104 Tenn., 391, 58 S. W., 121; *Porter* v. *Burton,* 10 Heisk. (57 Tenn.), 584; *Brooks* v. *Fleming,* 6 Baxt. (65 Tenn.), 331; *Goldman* v. *Justice* 3 Head (40 Tenn.), 107.

We are unable to say that the petitioner herein has any legal interest in the controversy. Defendant is an unmarried man about thirty-seven years of age. The petitioner is his brother. Petitioner is under no obligation to support or care for the defendant, nor is the defendant under any such obligation to the petitioner. It can make no difference to petitioner, so far as his legal rights are concerned, if the defendant dissipates his entire estate. The only interest that petitioner can have in the estate of defendant is that of an heir expectant. Such an interest is a mere contingency, subject to be defeated by the act of petitioner. and is not an interest sufficient to justify any interference by the petitioner with the estate of the defendant.

The supreme court of Wisconsin, in a case where a sister of an alleged incompetent person, whose petition for the appointment of a guardian was denied, and who appealed to that court, said:

"Obviously no personal rights of appellant are involved, for an adult nonresident sister has no legal

right to control the custody or conduct of another adult sister residing here, nor any right to support from, or legal duty of care or support to, the latter. It is equally obvious that no legal rights of appellant in or to property are affected. Even a next of kin or heir apparent has no right or legal interest in the property of a living relative. *Nemo est hæres viventis.* . . . By reason of the absolute right of disposal of property by the owner, any expectancy or chance of inheritance is too conjectural and remote to be recognized as a legal right. . . . So that the appellant is not a party aggrieved, as the term in section 4031 is ordinarily construed." *In re Carpenter,* 140 Wis., 572, 123 N. W.., 144, 25 L. R. A. (N. S.), 155.

In a similar case the supreme court of Vermont made the following observation:

"We think there is sound reason in this distinction. The friends and relatives in one case, and the guardian in the other, have no such interest as is ordinarily required to entitle one to appeal from a decree of the probate court. They have no present vested pecuniary interest in creating or continuing the guardianship; and no interest or right of theirs is concluded by the decree. A new proceeding may be instituted at any time, when it is believed the evidence of the insanity has become more convincing. And the friends who deem the relative insane, when others do not, as is not seldom the case, where property is in expectancy, should be satisfied with the decision of the probate court, and ordinarily will be; and, at all events, to allow an appeal and protracted litigation, at the caprice of any one of the applicants, however numerous, and of the guardian

also, would become absolutely intolerable to one accused of insanity, and not unlikely to produce such a state of mind. It is said the court ought not to presume against the interest of the appellant. But it is to be borne in mind that the expectancy of an heir, or the apprehension of being ultimately compelled to maintain a lineal ancestor or descendant, is no present vested interest, which the law can recognize." *Nimblet* v. *Chaffee,* 24 Vt., 628.

To the same effect, see *Studabaker* v. *Markley,* 7 Ind. App., 368, 34 N. E., 606; *McKenna* v. *McKenna,* 29 R. I., 224, 69 Atl., 844; *Briard* v. *Goodale,* 86 Me., 100, 29 Atl., 946, 41 Am. St. Rep., 526; and other cases collected in notes, 25 L. R. A. (N. S.), 155, and 15 L. R. A. (N. S.), 436.

The court of civil appeals entertained this appeal on the authority of *Tierney* v. *Tierney,* 81 Neb., 193 115 N. W., 764, 15 L. R. A. (N. S.), 436. The appellants in that case were the children of the alleged incompetent and dependent upon him for a support, and were therefore much more interested in the preservation of his estate than is the appellant here. While there are broad statements in the opinion with reference to rights of heirs apparent or presumptive, we are of opinion that the result reached in the cases heretofore cited by us is more in accord with the sound principles and proper construction of our statutes.

The judgment of the court of civil appeals is accordingly reversed, and this appeal dismissed, at the cost of appellant.