DORIS E. CARRICK v. THE TRADESMEN'S NATIONAL BANK OF
NEW HAVEN, CONSERVATOR (ESTATE OF ELIZABETH
FLEETWOOD) ET AL.

SUPERIOR COURT　　　NEW HAVEN COUNTY　　　FILE No. 69881

Memorandum filed October 3, 1947.

*Samuel Engelman,* of Bridgeport, for the Plaintiff.

*Edward L. Reynolds,* of New Haven, for the Defendants.

MELLITZ, J.　The plaintiff's mother was adjudged an incapable person by the Probate Court for the district of New Haven and thereafter filed an application for a finding of restoration to capacity, which was denied. The plaintiff has taken an appeal from the decree and the defendant conservator pleads in abatement and to the jurisdiction on the ground that the plaintiff is not an aggrieved person entitled to appeal from the decree within the meaning of § 4990 of the General Statutes.

One who has a pecuniary interest which may be injuriously affected by the decree is an aggrieved person within the statute. *Avery's Appeal,* 117 Conn. 201, 202.

Under § 1717 of the General Statutes, the plaintiff is made liable for the support of her mother, and she is subject to criminal prosecution for a neglect or refusal to furnish such reasonable support as her mother may require. Cum. Sup. 1935, § 1702c. Under § 250f, Sup. 1941, the plaintiff may be obligated to reimburse the state or municipality if it should develop that her mother receives institutional care from the state or a municipality. The plaintiff's liability under these statutes is such as to warrant a conclusion that she has a pecuniary interest which may be affected by the decree. Cf. *Merrill v. Merrill,* 134 Wis. 395.

The plea is overruled.