McCammon v. Cunningham.

It is so ordered.

Filed Nov. 22, 1886; motion to modify mandate overruled Feb. 24, 1887.

---

No. 12,894.

## McCammon v. Cunningham.

**INSANITY.**—*Guardianship.*—*Capacity to Manage Estate.*—*Instructions.*—For a consideration of instructions to the jury upon the hearing of a proceeding to have a person adjudged of unsound mind and incapable of managing his estate, see opinion.

**SAME.**—*Meaning of Words " of Unsound Mind."*—The words " of unsound mind," as used in the statute, include every species of insanity or mental unsoundness.

**SAME.**—*When Guardian May be Appointed.*—The jurisdiction to appoint a guardian is not confined to cases of insanity, idiocy or lunacy, strictly so called, but extends to every case of mental unsoundness or imbecility, when it is clearly made to appear, of such a degree as to render its subject incapable of conducting the ordinary affairs of life.

**INSTRUCTIONS TO JURY.**—Where part of an instruction asked is incorrect, the whole should be refused.

From the Montgomery Circuit Court.

*T. E. Ballard* and *M. E. Clodfelter*, for appellant.
*M. D. White* and *W. S. Moffett*, for appellee.

---

* NOTE.—See *Buchanan* v. *Milligan*, *ante*, p. 433.    REPORTER.

MITCHELL, J.—The appellant instituted this proceeding under section 2545, R. S. 1881, to the end that it might be adjudged that the appellee was a person of unsound mind, and incapable of managing his own estate, and having in view further the appointment of a guardian to take the custody of the appellee's person, and the management of his estate.

Upon an issue made as the statute directs, a jury, after hearing the evidence and instructions of the court, returned as their verdict, "that the defendant, James Cunningham, is a person of sound mind and capable of managing his own estate."

It is now claimed that the verdict of the jury is contrary to the weight of the evidence, and that the conclusion reached resulted from the refusal of the court to instruct the jury properly as to the degree of mental unsoundness, which would have warranted a finding contrary to that returned.

The appellant at the proper time requested the court to instruct the jury, in substance, that the phrase "of unsound mind" as used in the statute did not necessarily imply insanity; that insanity is a stronger term and implies a greater degree of mental infirmity than is implied in the phrase "of unsound mind;" that the mental condition implied by the latter phrase meant any unsound state of mind, whether arising from sickness, disease, the infirmity of age or other like causes, which incapacitates a person from transacting his own business. This instruction was refused. As pertinent to the same subject, the court, upon its own motion, gave to the jury the statutory definition of the words "person of unsound mind." Section 2544, R. S. 1881. In the same connection the jury were further told, in substance, that one might be in a condition of mental weakness or feebleness, resulting from disease or old age, and yet not be a person of unsound mind. The jury were further instructed, substantially, that the mental unsoundness which would justify them

in finding against the defendant, must be of such a character as to render him incapable of managing his own estate, and that if upon all the evidence in the case, they should find that the defendant was mentally unsound to such a degree as to be incapacitated to manage his own affairs, they should so return the facts to the court.

Precisely what was meant by the request to instruct the jury that insanity is a "stronger term" and implies a greater degree of mental infirmity than is implied in the phrase "of unsound mind," we are not advised. It may be that it was intended to convey the idea that insanity was a more vehement, vituperative or harsh expression, but it could hardly have been intended that it was more comprehensive, or that it embraced a degree of mental infirmity which was not included in the statutory definition of the words "of unsound mind." These words necessarily include every species of insanity or mental unsoundness, and it is not, therefore, in a legal sense, correct to say that insanity is the "stronger term." *Willett* v. *Porter*, 42 Ind. 250; *Eggers* v. *Eggers*, 57 Ind. 461.

Since that part of the instruction above referred to was not a correct statement of the law, the whole was properly refused, notwithstanding the latter part, if it had been tendered alone, might with propriety have been given.

It may be proper to add that the jurisdiction of the court to appoint a guardian is not confined to cases of insanity, idiocy or lunacy, strictly so called, but extends to every case of mental unsoundness or imbecility, which has reached such a degree, from whatever cause, as renders its subject incapable of conducting the ordinary affairs of life, and leaves him in a condition to become the victim of his own folly, or the fraud of others. But in no case should the benevolent purpose of the statute be abused, by the assumption of jurisdiction over the person or property of another, until such a degree of mental unsoundness is clearly made to appear. *Lackey* v. *Lackey*, 8 B. Mon. 107; Buswell Insanity, 4.

An examination of the evidence discloses that the verdict of the jury was amply sustained. There was no error.

The judgment is affirmed, with costs.

Filed Dec. 17, 1886.