## TEREBA v. THE STANDARD CABINET MANUFACTURING COMPANY ET AL.

[No. 4,440.   Filed November 24, 1903.]

JUDGMENT.—*Setting Aside for Fraud.*—In a suit to set aside a judgment for fraud, the complaint must aver facts showing fraud in obtaining the judgment; fraud in the transaction involved in the litigation is not sufficient.  *p. 13.*

SAME.—*Suit to Review.—New Matter Discovered.*—In a suit to review a judgment because of new matter discovered after its rendition, a complaint filed two and a half years after the rendition does not show such diligence as is required by the statute, although it is averred that the material matter was not known and could not have been known at the time the judgment was entered, and that suit was instituted "as soon as practical" after the facts became known to the plaintiff.  *pp. 9–13.*

SAME.—*Review of Judgment.—Parties.*—In a suit by a corporate stockholder to review a judgment taken against the corporation and several persons individually, such persons were necessary parties.  *p. 13.*

From Miami Circuit Court; *J. T. Cox*, Judge.

Suit by Joseph Tereba against the Standard Cabinet Manufacturing Company and others.   From a judgment for defendants, plaintiff appeals.   *Affirmed.*

*W. E. Mowbray*, for appellant.
*R. J. Loveland* and *H. P. Loveland*, for appellees.

BLACK, J.—The appellant filed a complaint in which he prayed the court to set aside and reverse a certain decree, and all sales, conveyances, and transfers made in virtue of and under the same.   A demurrer to the complaint, for various causes, filed by the Standard Cabinet Manufacturing Company, Jacob Theobald, and Catherine Beck, executrix of the will of John M. Beck, deceased, who were defendants, was sustained, and the ruling is assigned as error.

The complaint showed that, December 11, 1896, a decree was entered by the court below in a matter then before

that court, "in which John Knuckel et al. were plaintiffs, and the Standard Cabinet Manufacturing Company et al. were defendants, and the same Standard Cabinet Manufacturing Company et al., in a cross-complaint filed, were cross-complainants, and John Knuckel et al. were cross-defendants, and in another cross-bill filed, in which Jacob Theobald et al. were cross-complainants, and the Standard Cabinet Manufacturing Company was cross-defendant, a certified copy of said decree hereto being attached, and hereby made a part of this complaint, and marked exhibit A, and the record thereof marked exhibit B, and that in this said decree, hereto attached, certain rights were established, as will more fully appear in said certified copy of said decree." It was alleged that the appellant was a resident of "this city and State" and a stockholder of said company "of this city," a corporation doing business under the laws of this State; that the appellant was not personaly represented in the proceedings leading to said decree, but was a party to the suit in his capacity as a stockholder of that company; that he is and was a party interested in the subject-matter of the proceeding; that he "did not make default or was guilty of any negligence on his part whatsoever," but his rights and interests were not represented or protected by the default made by that company, and he had no means of preventing that default, as he was no officer ·of the corporation; that he was greatly wronged and materially damaged by the decree; that he "is now in a position to introduce new material matter which he did not know of, and could not know of, at the time of the rendering and enrolling of said decree, however vigilant he may have been of his right at said time, and that this said knowledge was conveyed to him a very short time preceding the filing of this complaint; and that your complainant used due diligence in filing this complaint as soon after gaining said knowledge as it was possible for him to do." It was further alleged "that this

new matter is of such a nature as materially to affect, alter, and change the rights and interests as they were adjudicated in said decree;" that, upon information, he "verily and truly believes that the following matters, not brought out in the proceedings heretofore mentioned, are facts." It is then stated that a contract filed with the cross-bill in said proceeding by Jacob Theobald and John M. Beck, which purported to be an agreement between them and said company, was obtained on a false pretense, for the malicious and unlawful purpose of wrecking that company, and was obtained without the consent of the majority of the directors of the company, as its by-laws and constitution provided in case of any transfer, bargain, or sale of any property of the corporation. It was further alleged, upon information, that John Knuckel, one of the directors of the company, was wrongfully and unlawfully coerced by Theobald and Beck into transferring to Theobald the interest of Knuckel in certain mortgages upon the property of the corporation, as appears in the decree, which transfers were made without any valuable or other consideration; that certain stockholders named, being John Knuckel and twenty-two other persons, not parties to the suit at bar, were wrongfully and maliciously coerced by Theobald and Beck, defendants, into transferring said stockholders' stocks, or a portion thereof, amounting to more than thirty shares or thereabouts, to Theobald, which transfer was not in accordance with a provision of the by-laws set out, to the effect that no person should hold more than ten shares of stock, and that no transfer or sale of stock should be valid unless made on the books of the corporation, and no person should be permitted to sell, assign, or transfer his stock while owing the corporation any amount. It was further alleged that the defendants in this action wilfully and fraudulently changed the entries in the books of the corporation so as to make it appear to be insolvent; that they credited themselves, by fraud-

ulent entries in the company's books, to amounts to which they were not entitled, with the fraudulent intent to defraud the stockholders of certain amounts of money; that the goods shipped by the corporation amounted to $32,000 in 1895, whereas the ledger only showed $22,000, which latter amount was given by the defendants herein upon accounting; that the account of a stockholder not named, and not a party to the case at bar, was given by the defendants as delinquent, when, in 1898, "upon another trial before another court" it was proved that the stock of that stockholder was all paid up; that the liabilities of the corporation amounted to $8,800 for the years 1895 and 1896, but the defendants fraudulently and wilfully changed the books of the corporation to make the amount of $8,800 read for the year 1895, and $12,000 for 1896, thereby causing the damage of the appellant and the other stockholders to the latter amount. It was alleged that the aforesaid fraudulent transactions of the defendants were not known to the appellant at the entering of the judgment, or when the cause of Knuckel against the Standard Cabinet Manufacturing Company et al. was heard, and could not have been known to him, and this suit was begun "as soon as practical" after said facts became known to the appellant.

The case before us was commenced more than two and one-half years after the rendition of the judgment herein questioned. This can not be regarded as a suit to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, under §399 Burns 1901, which provides for such relief on complaint or motion filed within two years.

Nor can it be upheld as an application for a new trial for cause discovered after the term at which the verdict or decision was rendered, under §572 Burns 1901, which provides for such application by complaint filed not later than the second term after the discovery; the application,

Tereba *v.* Standard Cabinet Mfg. Co.

by the terms of the statute, not to be made more than one year after the final judgment was rendered.

It can not be treated as a suit to set aside a judgment for fraud, because, if for no other reason, the allegations by which it is sought to charge fraudulent conduct relate to matters, which, if of any avail, would constitute only grounds of relief to be set up and litigated in the cause in which the judgment was rendered, and which are now urged because, if set up in that case, they would have induced a result different from the judgment rendered. There is no charge of fraud relating to any act in securing jurisdiction, or to anything done concerning the judicial proceeding which would be a fraud by which the judgment was obtained; but the conduct charged was connected with transactions involved in the litigation, and to be remedied by being set up therein.

The proceeding seems to have been intended as one for the review of the former judgment, for material new matter discovered since the rendition thereof, under §627 *et seq.* Burns 1901. In the exhibit filed with the complaint it appears as a part of the former adjudication that personal judgments were rendered against a number of persons who are not made parties to this proceeding. Some of the specifications of reasons in the demurrer related to the failure to make these persons parties to this suit. We think the complaint fails to show such diligence on the part of the appellant as is required of one who seeks to review a judgment for new matter discovered after its rendition. The requirements in this respect are very well established. We do not deem it proper to take space for discussion of this or other features of the pleading. The persons against whom the judgment was rendered, above mentioned, who were not made parties, had such an interest in the cause that they should have been brought before the court.

Judgment affirmed.