*In re* the Estate of J. H. ALD, a Feeble-minded Person, etc., *Appellee*, v. W. L. APPLING, Guardian, etc., *Appellant.*

No. 18,069.

SYLLABUS BY THE COURT.

1. APPEAL—*From Probate Court—Adjudging Person to be Feeble-minded.* An appeal may be taken from a decision of the probate court adjudging that a person is of feeble mind and incapable of managing his affairs and appointing a guardian for his person or estate.

2. ——— *Construction of Statutes Authorizing Appeals from Probate Court.* The clause in section 4852 of the General Statutes of 1909 providing that appeals taken in any matter arising under that act .shall be "upon the same terms and conditions as are appeals under the provisions of the act respecting executors and administrators" refers to the time and manner of taking appeals and not to the grounds of appeals or to cases in which an appeal may be taken.

Ald v. Appling.

3. APPEAL BOND — *Approved* — *Not Indorsed as Filed* — *Valid.*
Where an appeal bond in proper form and of approved se-
curity is tendered to and received by the probate judge within
the time prescribed for taking appeals, and is placed by him
among the files in the case without indorsing it as filed, it is
filed in contemplation of law.

Appeal from Sedgwick district court, division No. 2.
Opinion filed April 12, 1913.   Affirmed.

*John D. Davis,* of Wichita, for the appellant.

*S. B. Amidon, D. M. Dale, Jean Madalene,* and *Ben-
jamin F. Hegler,* all of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:  J. H. Ald, the appellee, was on
August 9, 1911, found to be of feeble mind and incapa-
ble of managing his affairs by a jury in the probate
court of Sedgwick county, and the court thereupon
appointed W. L. Appling, the appellant, who was one
of the jurors, as guardian.  On August 15, 1911, ap-
pellee appealed from the judgment of the probate court
to the district court, tendering an appeal bond in the
sum of $200, which was approved but not formally
endorsed as filed.  On October 7, 1911, a transcript of
the proceedings in the probate court was filed in the
district court, but the appeal bond was not transmit-
ted with the transcript.  On October 16, 1911, a motion
was filed in the district court to dismiss the appeal,
one of the grounds being the failure of Ald to file an
appeal bond.  On January 9, 1912, the probate court,
in a *nunc pro tunc* order, formally approved and filed
the bond as of the date it was presented, and then
transmitted a corrected transcript to the district court.
Subsequently the district court overruled appellant's
motion to dismiss the appeal, and from that ruling
Appling appeals to this court, alleging that there was
error in permitting the filing of an appeal bond more
than ten days after the decision from which the appeal

was taken and in holding that appellee was entitled to an appeal.

Appellant insists that there is no statutory authority for an appeal from such a decision. In the act providing for an inquiry as to the mental capacity of a person and for the appointment of a guardian for his person or estate it is enacted that:

"An appeal may be taken to the district court from any order or decision of the probate court in any mat-- ter arising under the provisions of this act upon the same terms and conditions as are appeals under the provisions of the act respecting executors and administrators and the settlement of· the estate of deceased persons." (Gen. Stat. 1909, § 4852.)

But it is contended that such an appeal can only be taken on the "terms and conditions" prescribed in the executors and administrators' act, and that although twelve kinds of decisions are named in that act as appealable a decision adjudging a person to be of feeble mind and appointing a guardian is not among them. The expression "terms and conditions" does not refer to the class of decisions from which an appeal may be taken, but rather to the time and manner for taking and perfecting them. As the acts treat of ·distinct and different subjects the decisions in cases arising under each of them are, of course, entirely unlike. The section we are considering defines the cases that are appealable under the act, and, as has been seen,. it places no limit on them as it provides that appeals may be had from any order or decision that can be made under the act. We only need to refer to the executors and administrators' act to determine ·the time and manner of taking appeals, and the pro-- visions of that act in that respect have been substantially followed in this instance. It may also be observed that appeals from judgments rendered and final orders made by the probate court are recognized in the new code and some of the provisions in regard to the method of taking them are prescribed. (Civ. Code,

§§ 564, 567, 571; *In re Petitt,* 84 Kan. 637, 114 Pac. 1071.)

There is nothing substantial in the objection to the appeal bond. A sufficient bond was tendered to and received in the probate court. For some reason, possibly on the theory that no bond was required, the judge failed to transmit the bond with the transcript to the district court. It is argued that because the bond was not indorsed as filed that it was not filed in good time. The fact that it was not indorsed and transmitted to the district court was not the fault of Ald. He presented a bond in proper form and of unquestioned security in seven days after the decision was made. It was received by the probate judge and retained among the papers in the case. He approved the bond but failed to place a filing mark upon it. When a sufficient and approved bond was placed in the custody of the judge and received as one of the files in the case it was filed in contemplation of law. The rights of Ald could not be prejudiced by the failure of the judge to indorse the evidence of filing upon the paper. (*Wilkinson v. Elliott,* 43 Kan. 590, 23 Pac. 614, 19 Am. St. Rep. 158; *Rathburn v. Hamilton,* 53 Kan. 470, 37 Pac. 20; *The State v. Heth,* 60 Kan. 560, 57 Pac. 108.)

There was a suggestion that no appeal bond was necessary because of the exception in section 4822 of the General Statutes of 1909, but if we assume that that exception applies only to the decisions adjudging the cost of the inquiry against the person who files the information and that a bond was necessary, we must still hold that a bond was given and that an appeal was perfected in good time.

The judgment of the district court will be affirmed.