## SHAFER ET AL. v. SHAFER.

[No. 21,821. Filed March 10, 1914.]

1. INSANE PERSONS.—*Actions.*—*Service of Process.*—A proceeding under §3101 Burns 1908, Acts 1895 p. 205, providing for the appointment of guardians for persons of unsound mind, is governed by the civil code at least as to the issuance and service of process; so that even though §318 Burns 1908, §315 R. S. 1881, providing that process against persons of unsound mind shall be served upon the guardian, or, if no guardian has been appointed, upon the superintendent of the hospital in which such person is confined, applies only to civil actions, service may be had thereunder upon the

superintendent of an insane hospital in a proceeding under §3101 for the appointment of a guardian.  p. 248.

2.  INSANE PERSONS.—*Adjudication of Insanity.*—Even if §318 Burns 1908, §315 R. S. 1881, is unconstitutional in its provision for service of process against persons of unsound mind upon the guardian, or, if no guardian, upon the superintendent of the hospital in which such person is confined, a judgment adjudging a person of unsound mind and incapable of managing his estate is not void on its face, because of service had thereunder, in the absence of an affirmative showing that such person was not also served with personal notice.  p. 248.

3.  INSANE PERSONS.—*Adjudication of Insanity.—Complaint to Vacate Judgment.*—A complaint to vacate a judgment had in a proceeding under §§3101, 3102 Burns 1908, Acts 1895 p. 205, adjudging plaintiff of unsound mind and incapable of managing his estate, on the ground that plaintiff was not served with process, but that service was had on the superintendent of a hospital in which plaintiff was confined, is insufficient in the absence of allegations of fraud on the part of the petitioner relating to the service of process.  p. 248.

4.  INSANE PERSONS.—*Adjudication of Insanity.—Vacating Judgment.—Adequate Legal Remedy.*—A suit in equity, grounded on alleged fraud in the service of process, will not lie to set aside a judgment rendered in a proceeding under §§3101, 3102 Burns 1908, Acts 1895 p. 205, adjudging plaintiff of unsound mind and incapable of managing his estate, since, if service was unlawful, a full and adequate legal remedy existed by appeal under §671 Burns 1908, §632 R. S. 1881, or by complaint to review the judgment under §645 Burns 1908, §615 R. S. 1881.  p. 248.

5.  INSANE PERSONS.—*Adjudication of Insanity.—Action to Vacate Judgment.—Laches.*—Under a complaint, grounded on fraud in the service of process, to vacate a judgment rendered in a proceeding under §§3101, 3102 Burns 1908, Acts 1905 p. 205, adjudging plaintiff to be of unsound mind and incapable of managing his estate, it must be presumed, in view of the allegation that plaintiff had no knowledge of such proceeding until after the judgment was entered, that he had such knowledge immediately thereafter, and where it further appears that during a period of three years following such judgment the plaintiff permitted the guardian therein appointed to manage and sell his property without objection, relief will be denied, since equity will not interfere where the complainant has been guilty of laches.  p. 249.

6.  CONSTITUTIONAL LAW.—*Determination of Constitutional Questions.—Necessity.*—Constitutional questions are not considered by courts except in cases of imperative necessity.  p. 249.

7. INSANE PERSONS.—*Proceedings.—Appeal.*—Under §3101 Burns 1908, Acts 1895 p. 205, providing that, in proceedings to have a person adjudged of unsound mind and incapable of managing his estate, the issue shall be tried as the issues in civil actions are tried, and §671 Burns 1908, §632 R. S. 1881, authorizing appeals in civil cases, an appeal lies from the judgment in a proceeding to have adjudged of sound mind a person previously declared of unsound mind and incapable of managing his estate. p. 249.

8. INSANE PERSONS.—*Preceedings.—Instructions.*—In a proceeding to have a person adjudged of sound mind, who had previously been adjudged of unsound mind and incapable of managing his estate, an instruction that if a person is of unsound mind within the meaning of the law, he is incapable of transacting any business, and so long as such unsoundness of mind continues he should be kept under guardianship, was erroneous, since not every impairment of mind will disqualify one from managing his property, and in such proceeding the sole question for the jury to determine is whether such person is of mind sufficiently sound to capacitate him to manage his estate. pp. 250, 251.

9. INSANE PERSONS.—*Necessity for Guardian.—Test.—Burden of Proof.*—To justify the appointment of a guardian for a person of unsound mind, there must be such mental impairment as to render the subject incapable of understanding and acting with discretion in the ordinary affairs of life, and on an application to restore one under guardianship to the control of his property, the same test is applicable, but the applicant has the burden of proof. p. 250.

10. INSANE PERSONS.—*Proceedings.—Instructions.*—In a proceeding to restore a person under guardianship to the control of his own property, an instruction was clearly erroneous which stated that he was of unsound mind within the meaning of the law, if, as to his relations to Deity and his family, he was influenced by insane delusions, notwithstanding he appeared to be sane on all other subjects, could talk in a rational manner, knew the value of ordinary merchandise and live stock as ordinarily dealt in by farmers, and could make computations in weights and moneys. p. 251.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Proceeding by Sarah Shafer against Henrietta Shafer to have William H. Shafer adjudged of sound mind and capable of managing his estate, in which, on leave of court, William H. Shafer filed complaint to set aside the judgment by which he was adjudged a person of unsound mind. From

a judgment for defendant, this appeal is prosecuted. *Reversed* as to Sarah Shafer, and *affirmed* as to William H. Shafer.

*Robert J. Loveland, Jabez T. Cox* and *Claude Y. Andrews,* for appellants.

*David E. Rhodes, John F. Lawrence, Charles A. Cole* and *Albert H. Cole,* for appellee.

MORRIS, C. J.—William H. Shafer, one of the appellants, was committed to Long Cliffe Insane Hospital, in June, 1906. §3691 *et seq.* Burns 1908, §2842 R. S. 1881. While undergoing treatment there, in February, 1907, on petition of his wife, appellee Henrietta Shafer, he was, by the Miami Circuit Court, adjudged of unsound mind, and incapable of managing his estate, and appellee was appointed his guardian. §§3101, 3102 Burns 1908, Acts 1895 p. 205. He was released from the hospital, on parole in April, 1907, and in the following October was finally discharged. Since his parole he has resided with his mother on a farm adjoining his own. In September, 1909, his mother, appellant Sarah Shafer, commenced this proceeding to have him adjudged a person of sound mind and capable of managing his estate. While the above petition was pending, appellant William H. Shafer, in January, 1910, on leave of court, filed in said proceeding, what his counsel terms a complaint in equity to vacate, for alleged fraud, the original judgment declaring him of unsound mind and incapable of managing his estate. In this complaint, he alleges among other things that he is and always was of sound mind and capable of managing his estate; that he never had any notice or knowledge of the proceeding by his wife until after the court adjudged him a fit subject for a guardian; that in said proceeding a summons was issued, and served on the superintendent of the hospital, where he was in custody, pursuant to the provisions of §318 Burns 1908, §315 R. S. 1881, but that he had no knowledge of such issuance and

service until after the judgment was rendered; that said statute does not authorize such substituted service, in such proceeding, because the latter is not a civil action; that if it is a civil action, the statute is void because in conflict with §§1, 12, 20, 21, 23, Art. 1, of the Constitution of Indiana, and the 14th amendment of the Federal Constitution. A copy of the record, in the proceeding by his wife, showing the issuance of summons for him and service thereof on the hospital superintendent, is set out in the complaint. No fact is averred to excuse the delay in instituting his action.

No motion was made to separate the two causes of action. The court sustained appellee's demurrer for want of facts, and appellant contends that this ruling was erroneous.

If it be conceded that the provision for substituted service, found in §318 Burns, *supra,* applies only to civil actions, it does not follow that such service is insufficient here.

1. A guardianship proceeding, under §3101 Burns 1908, Acts 1895 p. 205, is, at least as relating to the issuance and service of process, since the amendment of 1895, governed by the civil code. *Berry* v. *Berry* (1897), 147 Ind. 176, 46 N. E. 470. Should it be conceded that the substituted service provision of §318, *supra,* is unconstitutional, still the judgment was not void on its face because it does not affirmatively show that appellant was not served with personal notice in addition to the substituted service. The complaint alleges no fraud on the part of the petitioner Henrietta Shafer, relating to the service of process, and for that reason alone the complaint is insufficient. *Miedreich* v. *Lauenstein* (1909), 172 Ind. 140, 86 N. E. 963, 87 N. E. 1029.

Where there is a full and adequate remedy at law, equity will not interfere. Appellant, William H. Shafer, had a full and adequate remedy by appeal or complaint to review the judgment, if the service of process was unlawful. §§671, 645 Burns 1908, §§632, 615 R.

S. 1881. Neither will equity interfere where the complainant has been guilty of laches. The complaint here merely avers that appellant had no knowledge of the proceeding until after the judgment was entered. It must be presumed that he had such knowledge immediately thereafter. For a period of about three years appellant stood by and watched the guardian manage and sell his personal property, and possibly sell a portion of his real estate, for his support. It would be unconscionable to condone such delay, where the result might embarrass or injure innocent purchasers. *Jones* v. *Crowell* (1895), 143 Ind. 218, 42 N. E. 612; *Nicholson* v. *Nicholson* (1887), 113 Ind. 131, 15 N. E. 223; *Hollinger* v. *Reeme* (1894), 138 Ind. 363, 36 N. E. 1114, 24 L. R. A. 46, 46 Am. St. 402; *Tereba* v. *Standard Cabinet Mfg. Co.* (1903), 32 Ind. App. 9, 68 N. E. 1033. There is no necessity here to consider the constitutional objections urged. Such questions are not considered by courts except in cases of imperative necessity. There was no error in sustaining the demurrer.

The cause of appellant, Sarah Shafer, was tried by a jury which returned a verdict finding that William H. Shafer is a person of unsound mind and incapable of managing his estate. Error is here assigned in the overruling of her motion for a new trial.

Appellee has moved to dismiss her appeal, because, as contended, this is not a civil action and the statute does not expressly provide for an appeal by the petitioner. In support of her position, appellee cites *Galbreath* v. *Black* (1883), 89 Ind. 300, which held that such a proceeding was not a civil action within the meaning of our civil code, but on the contrary was a special *ex parte* proceeding. Since then, the statute (§2545 R. S. 1881) was so amended in 1895 (§3101 Burns 1908, Acts 1895 p. 205) as to provide that the "issue shall be tried as the issues in civil actions are tried." Subsequently, in *Berry* v. *Berry* (1897), 147 Ind. 176, 46 N. E. 470, this court held that such

a proceeding is not *ex parte,* but an adversary one, and is subject to the provisions of the civil code in relation to process and change of venue, and that the code procedure applies in the absence of other provision. The statute here does not forbid an appeal, and we are of the opinion that §628 of our civil code (§671 Burns 1908, §632 R. S. 1881, Acts 1881 p. 352) applies to such proceedings as this, and permits an appeal by the petitioner.

The motion to dismiss is overruled.

Appellee's requested instruction No. 12, given to the jury, reads as follows: "No. 12. I further instruct you that if a person is of unsound mind within the meaning of the law, he is then incapable of transacting business, and so long as such unsoundness of mind continues he should be kept under guardianship. * * * So if you find from the evidence that William H. Shafer is still a person of unsound mind your verdict should be for the defendant." The instruction is clearly erroneous. The sole question for the jury to determine was this: Is William H. Shafer now a person of mind sufficiently sound to capacitate him to manage his estate? Not every impairment of mind disqualifies one from the management of his property. If so, there would be, as appellants' counsel suggest, an alarming increase in the number of those who would be deprived of the privilege of controlling their own estates. This court has approved the following test in petitions for the appointment of guardians of persons alleged to be of unsound mind: there must be such mental impairment as to render the subject incapable of understanding and acting with discretion in the ordinary affairs of life. *Fiscus* v. *Turner* (1890), 125 Ind. 46, 24 N. E. 662; *Hamrick* v. *State, ex rel.* (1893), 134 Ind. 324, 34 N. E. 3; *Teegarden* v. *Lewis* (1896), 145 Ind. 98, 40 N. E. 1047, 44 N. E. 9; *Cochran* v. *Amsden* (1885), 104 Ind. 282, 3 N. E. 934; *McGammon* v. *Cunningham* (1886), 108 Ind. 545, 9 N. E. 455; 22 Cyc. 1139. On petition, as here,

to restore one under guardianship to the control of his property, the same test applies as obtained in the original proceeding. Of course the burden of proof is on the petitioner. The benevolent purpose of the statute in conserving the property of one so unfortunate as to be deprived of the capacity to manage it properly so that it may provide for the future necessities of him and his dependents, should not be abused by assuming jurisdiction over one whose mental impairment is not such as to affect his capacity to manage his estate with prudence and discretion, regardless of attempted frauds of others. *Mc Gammon* v. *Cunningham, supra.* This instruction opens the door for such abuse. We are requested by appellee to consider other instructions given, where, it is asserted, the correct rule is stated. This instruction does not merely omit some appropriate statement. It declares a test so palpably erroneous that its defects could not have been cured otherwise than by the withdrawal of the instruction. Instruction No. 17, requested by appellee, and given by the court, contains substantially the same error as No. 12.

By appellee's requested instruction No. 9, the court directed the jury as follows: "No. 9. Gentlemen of the jury, if you find from the evidence that William H. Shafer can talk in a rational manner on many subjects, that he knows the value of such ordinary merchandise and live stock as is ordinarily dealt in by farmers, that he can make computations in weights and moneys, that he appears to be sane on all subjects except his relations to Deity and to his family, but that on these subjects he is influenced by insane delusions, * * * then I charge you that in such case he is a person of unsound mind within the meaning of the law and your verdict should be for the defendant." This instruction was likewise erroneous.

Instructions Nos. 7, 8, 15 and 16, requested by appellee and given, and instruction No. 2, given by the court on its own motion, each invaded the province of the jury, and, in

addition thereto, some of them contained erroneous declarations of law.

Appellant claims error in other matters, some of which are not so presented in her brief as to require consideration. We refrain from a consideration of the others because the questions presented are not likely to arise on another trial. The judgment from which appellant Sarah Shafer prosecutes her appeal is reversed with instructions to grant her motion for a new trial; the judgment from which William H. Shafer appeals is affirmed.

NOTE.—Reported in 104 N. E. 507. See, also, under (1, 2) 22 Cyc. 1124, 1142; (3) 22 Cyc. 1130; (4) 23 Cyc. 981, 982; (5) 23 Cyc. 909, 1046; (6) 8 Cyc. 798; (7) 22 Cyc. 1136; (8) 22 Cyc. 1127, 1143; (9) 22 Cyc. 1115; (10) 22 Cyc. 1109, 1114. As to due process of law as applied to insane persons, see 43 Am. St. 531. As to the necessity of notice to a lunatic of a lunacy inquisition, see 10 Ann. Cas. 216. As to due process of law in the commitment of insane persons, see 1 Ann. Cas. 733, 13 Ann. Cas. 877; Ann. Cas. 1913 C 323.