*In re* Erickson.

No. 21,864.

*In re* ERICK ERICKSON, a Feeble-minded Person (J. E. ERICK-
SON, *Appellant*).

### SYLLABUS BY THE COURT.

FEEBLE-MINDED PERSON—*Inquest—Verdict Not Feeble-minded—No Ap-
peal by Informant.* A person who files an information in the probate
court that his father is feeble-minded and incapable of managing his
affairs is not entitled to appeal from a finding and decision that his
father is not feeble-minded.

Appeal from Saline district court; DALLAS GROVER, judge.
Opinion filed April 12, 1919.   Affirmed.

*Z. C. Millikin, G. A. Spencer,* and *A. R. Buzick,* all of Salina,
for the appellant.

*C. W. Burch, B. I. Litowich,* and *LaRue Royce,* all of Salina,
for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:   Has an informant the right to appeal from
an order of the probate court approving the verdict of a jury
finding that a subject of inquiry is not feeble-minded?   A
negative answer was given in the district court, and the in-
formant complains of the ruling.

The inquest was initiated by J. E. Erickson, who alleged in
his affidavit that Erick Erickson was feeble-minded, incapable
of managing his affairs, and he asked that a guardian of the
person and estate of Erick Erickson be appointed.   He did not
state his relationship to or interest in Erick Erickson, but in
one of the papers in the attempted appeal it is incidentally men-
tioned that he is a son of the respondent.   The statute provides
for an appeal from a decision of the probate court by or on
behalf of the respondent, when the finding and decision is
against him.   (Gen. Stat. 1915, § 6101; *Ald v. Appling,* 89 Kan.
340, 131 Pac. 569.)   It also provides for an appeal from a final
order or decision in any matter arising under the act, upon the
terms and conditions that appeals are allowed in the act re-
specting executors and administrators.   (Gen. Stat. 1915,
§§ 4675, 6131; *Ald v. Appling,* supra.)

It is contended that the finding that the respondent was not feeble-minded was not a final order, and that therefore no appeal is authorized. It is argued that the proceeding is not an action between adverse parties, but a mere inquest as to the mental state of the respondent and is made for his benefit; that the probate judge is not bound to call a jury upon the filing of an information alleging mental incompetency, but only in case he is satisfied that there is good cause for making an inquiry. (Laws 1917, ch. 165.) As showing a lack of finality, attention is called to the provision that the finding of a jury in such an inquiry may be set aside by the court for just cause, and another jury impaneled, until two juries concur, in which event the last may not be set aside (Gen. Stat. 1915, § 6102), and that even where a finding of incompetency is made, the judge is not required to appoint a guardian of the person or estate unless he is convinced that it is necessary, and further, that a new proceeding may be started and a new complaint alleging incompetency may be filed by any person at any time after the first inquiry. It is further argued that the things enumerated and the fact that the informant herein might have asked for a finding by another jury, or have instituted a new inquiry, all argue that there is no finality in the order made, and therefore no appeal lies. Assuming that a finding against incompetency may in some cases have the element of finality, as, for instance, when costs are adjudged against the informant, it is clear that the appellant was not entitled to prosecute an appeal from the finding and order made herein. What is his grievance? What interest of his was prejudiced by the finding that his father was of sound mind? No costs were assessed against him, and he had no pecuniary or other substantial interest in the inquest any more than if it had been instituted by a stranger. The general rule is that the only party who may appeal from an order or judgment of a court is one whose substantial rights have been prejudiced by the decision, and since the appellant has not lost anything nor suffered a substantial injury by the ruling, he has no right of appeal. (*Studabaker et al. v. Markley*, 7 Ind. App. 368.) He is not a party to the proceeding in the ordinary sense and cannot control the inquiry, and hence it has been held that such a proceeding cannot be dismissed at his will or caprice, nor unless the probate

*In re* Erickson.

court, acting in its discretion for the interest of the public and the person whose sanity is questioned, consents. (*Galbreath v. Black,* 89 Ind. 300; *Ruhlman v. Ruhlman,* 110 Ind. 314; *State, ex rel., v. Guinotte,* 257 Mo. 1.) The fact that the appellant is a son of and may possibly inherit from the respondent is no ground for allowing him an appeal. He has no present interest in the estate of his father, but at most only an expectancy, and it has been decided:

"That the expectancy of an heir or the apprehension of being ultimately compelled to maintain a lineal ancestor or descendant is no present vested interest which the law can recognize." (*Nimblet v. Chaffee,* 24 Vt. 628, 630.)

(See, also, *In re Varnum,* 70 Vt. 147; *Gannon v. Doyle,* 16 R. I. 726; *In re Brooks,* 104 N. Y. Supp. 670; *Merrill v. Merrill,* 134 Wis. 395.)

Although the filial relation between parent and child prompts, or should prompt, a child who is able, to maintain and care for an indigent and helpless parent, it is a well-recognized doctrine of the common law that there is no obligation that he should do so, however old or needy the parent may be. (29 Cyc. 1619; Note, 4 L. R. A., n. s., 1159; Note, 9 Ann. Cas. 1019.) Many of the states place such an obligation on children of a needy parent, but no such statute has been enacted in this state. We have a statute which provides that in cases where persons are adjudged to be insane and have been kept at public expense, the county or the state bearing the expense may recover the same from the estate of the insane person, or from the husband, wife, parent, or child of the insane person. (Laws 1907, ch. 247, §§ 31-33, Gen. Stat. 1915, §§ 6128-6130.)

This provision for reimbursement applies only to the case of those adjudged insane, and has no application where persons charged with insanity are found to be of sound mind, nor in any other cases than those specifically mentioned in the statute. A statutory liability of this kind is not extended beyond the cases mentioned, nor in any other mode than those prescribed by the statute. (29 Cyc. 1620.)

Our conclusion is that the appellant was not entitled to maintain his appeal, and hence the judgment of the district court is affirmed.