STATE OF INDIANA, EX REL. COOK v. CIRCUIT COURT OF MADISON COUNTY ET AL.

[No. 24,269. Filed March 27, 1923.]

1. INSANE PERSONS.—*Appointment of Guardians.—Procedure.— Statutes.*—Since the acts of 1895 (Acts 1895 p. 205, §3101 Burns 1914), amending §2545 R. S. 1881, proceedings for the appointment of guardians for persons of unsound mind have been treated as civil actions, and, except as otherwise provided, the procedure in such cases is governed by the Civil Code. p. 24.

2. VENUE.— *Appointment of Guardians.— Right to Change of Venue.—Statutes.*—Neither §3111a Burns 1914, Acts 1911 p. 533, nor §3101 Burns 1914, Acts 1895 p. 205, relating to the appointment of guardians, expressly give the right to a change of venue, but, on the theory that the issue in either case is to be tried as the issues in civil actions, a change of venue may be granted. p. 25.

3. INSANE PERSONS.— *Appointment of Guardians.— Grounds.— Statute.—Scope and Effect.*—Sections 3111 et seq. Burns 1914, Acts 1911 p. 533, authorizing the appointment of guardians for persons unable to manage their estates because of physical infirmities, merely provides additional grounds for the appointment of guardians which were not theretofore causes for such action. p. 26.

4. VENUE.— *Appointment of Guardian.— Change of Venue.— Jurisdiction.— Statutes.*— Where proceedings were instituted under §3101 Burns 1914, Acts 1895 p. 205, for the appointment of a guardian for a person of unsound mind, and the venue was changed to another court, and thereafter proceedings for the appointment of a guardian for the same person on the ground of physical infirmity were instituted under §3111a Burns 1914, Acts 1911 p. 533, in the court in which the first proceedings were commenced, *held* that the court to which venue was changed had exclusive jurisdiction of the guardianship proceedings, and that the original court had no power to hear and determine any issues tendered by the petition last filed; both courts being of co-ordinate jurisdiction,

and the averments of the original petition being broad enough to present the issue of physical infirmity.    pp. 26, 29.

5. INSANE PERSONS.—*Appointment of Guardians.—Pendency of Separate Proceedings.— Right of Petitioners to Intervene.— Statute.*—Where proceedings were instituted for the appointment of a guardian for an insane person under §3101 Burns 1914, Acts 1895 p. 205, and venue was changed to another circuit court, and thereafter proceedings for the appointment of a guardian for the same person were instituted in the original court under §3111a Burns 1914, Acts 1911 p. 533, neither petitioner could intervene and become a party to the proceeding instituted by the other, as such petitioner has no interest in such proceedings other than that in common with the general public.    p. 27.

6. INSANE PERSONS.—*Guardians.—Appointment of Two Guardians for Same Person.—Validity.*—Two guardianships of the same person and property at the same time are not allowable. p. 27.

7. PROHIBITION.—*Right to Writ.—Remedy at Law.*—Where proceedings were instituted under §3101 Burns 1914, Acts 1895 p. 205, for the appointment of a guardian for an insane person, and venue was changed to another circuit court, and thereafter proceedings for the appointment of a guardian for the same person on the ground of physical infirmity were instituted under §3111a Burns 1914, Acts 1911 p. 533, in the first court, the petitioner in the first action was not barred from obtaining a writ of prohibition against the subsequent action on the ground that she might have attempted to intervene in such subsequent action, and, if unsuccessful, she could have appealed from the judgment therein, since she would not have been a party in the sense that would allow her to appeal.  p. 28.

8. PROHIBITION.—*Scope of Writ.—Prevention of Encroachment by One Court on Jurisdiction of Another.*—A writ of prohibition will issue to prevent the encroachment by one court on the jurisdiction of another.    p. 29.

Original action by the State of Indiana, on the relation of Martha P. Cook, against the Circuit Court of Madison county, and others for a writ of prohibition. *Writ issued.*

*Frederick E. Matson, Solon J. Carter, James A. Ross, Robert D. McCord, Adolph A. Schreiber* and *Austin V. Clifford,* for relatrix.

*Diven, Diven & Campbell,* for defendants.

MYERS, J.—This is an original suit brought by the State of Indiana, on relation of Martha P. Cook, against the Madison Circuit Court, William A. Kittinger, presiding judge thereof, and the Commercial Bank and Trust Company of Alexandria, Indiana, to obtain a writ of prohibition prohibiting the defendants from exercising any jurisdiction over the person or property of Henry H. Cook.

The complaint and returns thereto show that on November 11, 1922, the relatrix filed in the office of the clerk of the Madison Circuit Court her verified petition in writing in two paragraphs. The first alleged that one Henry H. Cook was an inhabitant of Madison county, Indiana, and that he was a person of unsound mind and incapable of managing his estate. The second, in part, alleged that the relatrix and Henry H. Cook were married on June 30, 1917, and continuously since that time have been, and are now, husband and wife. Many other facts are narrated pertaining to their married life unnecessary here to recite. It further appears from this paragraph that about two and one-half years before the filing of her petition, her husband was stricken with a disease commonly known as "sleeping sickness," which in various forms continued and then existed; that as a result of that disease he was and is "in a greatly enfeebled and impaired state of physical health, and in an enfeebled, impaired and unsound condition of mind; * * * that said defendant, by reason of his aforesaid condition of mind and body, is wholly unable to direct his own movements or to give any attention to his business affairs;" that his actions and movements are wholly controlled by nurses, attendants, guards, attorneys and others, who have assumed control over his actions and conduct, and this petitioner, without cause, has been excluded from all communications, either directly or indirectly, with him; that upon notice of this action being

State, ex rel., *v.* Madison Circuit Court—193 Ind. 20.

brought and summons served upon the defendant, the parties thus in control of his movements will, unless he is taken into custody, immediately seek to remove him from his home and the jurisdiction of this court, and use all means to prevent a hearing upon this petition. The prayer, among other things, was, that a guardian be appointed for the defendant, and "for all proper relief in the premises." Upon the filing of this petition the same was then submitted to the court, and thereupon the court issued an order as prayed to the sheriff of Madison county, Indiana, to take Henry H. Cook into custody and forthwith bring him into court on November 16, 1922. "And now, on agreement of William S. Diven and Ed Yule on part of the defense that the defendant Harry Cook will be present at the trial of this cause, the court now orders the sheriff to release the said Cook from his custody."

On November 28, 1922, the clerk of the Madison Circuit Court and the prosecuting attorney of that circuit filed separate answers in general denial. Thereupon the petitioner, Martha P. Cook, filed her verified motion and affidavit for a change of venue from the county, which motion the court then and there sustained, and on December 20, 1922, the venue was perfected in the Henry Circuit Court. Afterwards, on December 29, 1922, one Robert H. Malone filed in the office of the clerk of the Madison Circuit Court a petition in which it was made to appear that Henry H. Cook, an inhabitant of Madison county, had an estate therein of value and that he was incapable of managing his estate and business affairs because of physical infirmity, and that a guardian should be appointed to take charge of his estate, manage, control and conserve the same under the direction of the court. Summons was issued, returnable more than ten days thereafter, but upon the same date, and after the cause had been entered by the clerk upon the court's

docket and upon the entry docket, a member of the Madison county bar "appeared in open court for and on behalf of the defendant Henry H. Cook, and then and there in open court, and with the clerk thereof," filed an answer in general denial. (See return of Judge Kittinger.) At the same time, attorneys of the Madison county bar, representing Malone, appeared in open court and moved that the cause be then tried, and which request being assented to by counsel for defendant, the cause was thereupon submitted to the court for trial without the intervention of a jury, witnesses were sworn and heard, and the court found, among other things, that Henry H. Cook was incapable of managing his business and affairs on account of infirmities brought about by long and continued sickness, and appointed the defendant Commercial Bank and Trust Company guardian, which appointee then and there in writing accepted and entered upon its duties as such guardian.

In the instant case, respondents attempt to justify the court's action in taking jurisdiction of the Malone petition on the theory that the cases of Cook v. Cook and Malone v. Cook are separate and distinct proceedings, in that the parties are not the same; that the Malone petition tendered the issue—physical infirmity—in accordance with §3111a Burns 1914, Acts 1911 p. 533, while the Cook petition submitted the issue—unsoundness of mind—as authorized by §3101 Burns 1914, Acts 1895 p. 205. Hence, it is claimed that jurisdiction by the Madison Circuit Court over one of these proceedings in no manner conflicted with the jurisdiction of the Henry Circuit Court over the other proceeding.

Since the act of 1895 (Acts 1895 p. 205, §3101 Burns 1914), amending §2545 R. S. 1881, proceedings for the appointment of guardians for persons of unsound mind have been treated as civil actions, and, except as otherwise specially provided, the pro-

1.

cedure in such cases is governed by our Civil Code. *Shafer* v. *Shafer* (1914), 181 Ind. 244, 104 N. E. 507; *Berry* v. *Berry* (1897), 147 Ind. 176, 46 N. E. 470. The act of 1852, with its amendments (2 R. S. 1852, p. 330, §3100 *et seq.*, Burns 1914), entitled "An act defining who are persons of unsound mind, and authorizing the appointment of guardians for such persons; defining the powers and duties of such guardians," and the act of 1911 (Acts 1911 p. 533, §3111a *et seq.*, Burns 1914, as amended by Acts 1919 p. 520, §3111a Burns' Supp. 1921), entitled "An act providing for the appointment of guardians," have to do with the same general subject. While each of these enactments may be regarded as separate and distinct legislation, yet in so far as we are at present concerned, both are involved and must be treated together. The jurisdiction of the court having probate jurisdiction, under both of these enactments, may be invoked by "any inhabitant of such county." The issue in either case "shall be tried as the issues in civil actions," and, if the issue be decided in favor of the petitioner, "such court shall appoint a guardian for such person and his estate," whose duties are the same as those "required of and granted to guardians of minors * * *, so far as the same may be applicable."

In the one case (§3101 Burns 1914, *supra*) it is made the duty of the clerk to form the issue by denying the facts in the statement, and of the prosecuting

**2.** attorney to protect the interest of such person, while in the other (§3111a Burns' Supp. 1921, *supra*), where the defendant is not represented by counsel on the return day, it is made the duty of the clerk to deny the facts in the complaint and of the prosecuting attorney to appear, defend and protect the interest of such person. Neither of the above enactments expressly give the right to a change of venue, but, on the theory

that the issue in either case is to be tried as the issues in civil actions, a change of venue is allowed. *Berry* v. *Berry, supra.*

As we view the two enactments which form the basis of the present contention, we are compelled to conclude

3. that the 1911 act (Acts 1911 p. 533, *supra*) merely provided additional grounds for the appointment of guardians not theretofore causes for such action in this state. We have already noticed the great similarity of procedure in the two acts, as well as the duty of the court "shall appoint a guardian for the person and the estate" when a petition predicated upon either statute is sustained.

It must be conceded that the perfected change of venue from the Madison Circuit Court transferred to the

4. Henry Circuit Court, where the case is still pending, all jurisdiction and power of disposition of all issues properly triable under the Cook petition.

The first paragraph of the Cook petition clearly relied upon the issue of unsoundness of mind of the defendant, and the other upon allegations of "greatly enfeebled and impaired state of physical health," and also "an enfeebled, impaired and unsound condition of mind." These paragraphs together are broad enough and sufficiently comprehensive to justify the court in permitting evidence to be introduced tending to support the issue, not only that the defendant Cook was a person of unsound mind, but that, because of his infirmity brought about by impaired health, he was incapable of managing his estate or business affairs. With this conclusion, our further inquiry along this line is met and ruled by the principle "that a matter is adjudicated when it might have been litigated under the issues as formed." *Walb* v. *Eshelman* (1911), 176 Ind. 253, and cases there cited.

State, ex rel., *v.* Madison Circuit Court—193 Ind. 20.

With this view of the petition of Mrs. Cook, we are not now concerned with the question argued by counsel that the Cook information was based solely upon the theory of unsoundness of mind of Henry H. Cook. But, if we were in doubt as to the scope of this pleading, and granting that the respondents should have the benefit of that doubt against the enforcement of the remedy here sought, still their answers would be insufficient, for the reason that it appears that the Henry Circuit Court acquired and now has complete jurisdiction over the person and subject-matter involved in the first petition, and therefore it has jurisdiction to appoint a guardian of the person and estate of Henry H. Cook. The subject-matter of both the Cook and the Malone petitions was the appointment of a guardian for Henry H. Cook. The Madison and Henry Circuit Courts are courts of co-ordinate jurisdiction, as well as courts of general jurisdiction, and, as such, have jurisdiction of the class of cases brought under either of the above statutes, but the court having jurisdiction of the particular case in litigation, effectively segregates that case from the general class and excludes all other courts of like jurisdiction from assuming any authority in connection therewith. Proper and orderly administration of the laws compel these courts to thus observe the rights of each other, in order to prevent unseemly, expensive and dangerous conflicts of jurisdiction and of process. *MacLean* v. *Wayne Circuit Judge* (1884), 52 Mich. 257, 18 N. W. 396; *State* v. *Wear* (1895), 129 Mo. 619, 31 S. W. 608.

The fact that Mrs. Cook instituted one proceeding and Malone the other, furnishes but little ground for debate, for in either case the public and the defendant are the real parties in interest. *Hayward* v. *Hayward* (1917), 65 Ind. App. 440; *Studebaker* v. *Markley* (1893), 7 Ind. App. 368; *State,*

*ex rel.* v. *Guinotte* (1914), 257 Mo. 1, 165 S. W. 718, 51 L. R. A. (N. S.) 1191, Ann. Cas. 1915D 657; *Painter* v. *Painter* (1921), 206 Mo. App. 312, 228 S. W. 538. Neither petitioner could intervene and become a party to the proceeding instituted by the other, for the reason that such petitioner has no interest in such proceedings other than that in common with the general public. The state and the defendant, then, were the real parties in interest in both informations filed in the Madison Circuit Court, but that fact alone furnishes no basis for the conclusion that, by filing the second petition, that court was thereby reinvested with jurisdiction over the same subject-matter which it concededly had lost by the change of venue. Whether a guardian be appointed under one or the other of these statutes in question is of no present concern, for the question here submitted has to do with the orderly exercise of judicial power between courts of equal jurisdiction. In either case the statutes (§3102 Burns 1914, Acts 1905 p. 205, and §3111b Burns 1914, Acts 1911 p. 533) contemplate the appointment of a guardian of the person and the estate of the defendant. Consequently, if the insistence of respondents were granted, the effect of such a ruling would be to authorize two guardianships of the same person and property at the same time, which this court has said is not allowable in this state. *Soules* v. *Robinson* (1902), 158 Ind. 97, 101, 92 Am. St. 301.

Counsel for respondents also insist that had Mrs. Cook made an unsuccessful attempt to intervene in the Malone v. Cook proceeding, she might then have appealed from the judgment entered in that case. Hence, it is plain she was not without a remedy aside from the one here pursued. In this counsel are in error, for, as we have said, she was not a party in the sense that would allow her to intervene in the Malone case, and for that reason she could not have appealed. *Har-*

State, ex rel., *v.* Madison Circuit Court—193 Ind. 20.

*mon* v. *Harmon* (1918), 141 Tenn. 64, 206 S. W. 333; *In re Erickson* (1919), 104 Kans. 521, 180 Pac. 263; *Gannon* v. *Doyle* (1889), 16 R. I. 726, 19 Atl. 331.

Finally, our conclusion upon the case as here presented is, that the Madison Circuit Court was without jurisdiction to hear and determine any issue tendered by the Malone petition, and hence its action in the premises was void. We are convinced that to otherwise hold must be supported solely upon the theory that each court has general jurisdiction to appoint guardians; but this we cannot do in the present case, for the reason that such ruling might lead to serious conflict of power between them. To prevent the encroachment by one on the jurisdiction of the other is within the legal scope of a writ of prohibition (*State, ex rel.,* v. *Gleason* [1918], 187 Ind. 297, 300), and, under the facts as disclosed in this case, the writ heretofore issued should be made permanent.

It is therefore ordered that the Madison Circuit Court, William A. Kittinger as judge thereof, and the Commercial Bank and Trust Company of Alexandria, Indiana, and each of them, be and they are permanently restrained and prohibited from taking any further proceedings or from exercising any jurisdiction, control or management of any kind whatsoever over the person, property or estate of Henry H. Cook under and by virtue of the proceeding and judgment in cause numbered 5758, entitled "Robert H. Malone v. Henry H. Cook," in the Madison Circuit Court, other than the surrender of any and all property to the said Henry H. Cook which the said Commercial Bank and Trust Company may now have in its possession as such guardian, and that it so report to the Madison Circuit Court within fifteen days next after the filing of this opinion.